IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD T. KENNEDY, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 5:18-cv-00257-JFL |
| COMMISSIONER DEPARTMENT OF THE TREASURY INTERNAL REVENUE SERVICE, *et al.*, | ) |
| Defendants. | ) |

**BRIEF IN SUPPORT OF THE**
**UNITED STATES' MOTION TO DISMISS**

*Pro se* plaintiff, Edward T. Kennedy ("Plaintiff") filed this action on January 18, 2018, setting forth a claim for bad faith collection activities by the Internal Revenue Service and for various torts. As will be described in more detail below, Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction and for failing to state a claim for which relief may be granted.

**STATEMENT OF ALLEGED FACTS**

Plaintiff sets forth very limited facts in his Complaint, but it appears that Plaintiff asserts facts related to two separate events. First, Plaintiff alleges that he was a victim of identity theft, which occurred because of the data breach at Equifax, Inc. (Compl. 5).

Second, Plaintiff asserts facts related to his 2007 tax return. (Compl. 5). Specifically, Plaintiff received a collection letter from the IRS demanding payment of $75,957.35 because of unpaid federal taxes. *Id.* at 5a. The letter explains that if Plaintiff fails to pay the federal taxes in full, then the IRS will seize up to fifteen percent of his social security benefits. *Id.*

1

Plaintiff further alleges that he never amended his 2007 tax return. *Id.* at 5. Plaintiff fails to explain the connection between the data breach that occurred in 2017 and liabilities arising from his 2007 tax return.

Plaintiff filed his Complaint on January 18, 2018, against the "Commissioner, Department of Treasury, Internal Revenue Service;" John Doe, of the IRS; Equifax, Inc.; and the Chief Executive Office of Equifax, Inc., Richard F. Smith. (Compl. 3). On, January 31, 2018, the Court dismissed Equifax, Inc., and Mr. Smith as parties as there were duplicate claims raised against them in another lawsuit that Plaintiff had previously filed. (Dkt. No. 2). Thus, the only remaining defendants in this action are the IRS and an unnamed IRS employee. (*See* Compl. 3).

In his Complaint, Plaintiff appears to be seeking both monetary and injunctive relief. First, Plaintiff seeks a money judgment based upon (1) intentional infliction of emotional distress, (2) loss of reputation as a priest, (3) loss of reputation as a tax accountant, and (4) levy collection activities regarding Plaintiff's federal tax liabilities for the 2007 tax year. (Compl. 9). Second, Plaintiff seeks punitive damages, but does not specify as to which defendants he seeks them against nor does he specify the amount he claims he is entitled to. *Id.* Third, Plaintiff seeks to enjoin the IRS from collecting his 2007 tax liabilities. *Id.* Plaintiff states, without any explanation or elaboration that the jurisdictional basis for the suit is "IRS – Tax." *Id.* at 2.

## STATEMENT OF THE QUESTIONS INVOLVED

1. Whether the Court has subject matter jurisdiction where (1) Plaintiff fails to set forth any waiver of sovereign immunity, (2) the most plausible statutory provision for a waiver of sovereign immunity does not operate to waive sovereign immunity for Plaintiff's claims, and (3) the Anti-Injunction Act explicitly prohibits some of the relief requested?

2.	To the extent that Plaintiff's Complaint can be construed as a claim for damages under Section 7433, does Plaintiff state a claim for which relief may be granted where he fails to allege any facts that constitute reckless, intentional, or negligent violations of the Internal Revenue Code by any IRS employee?

## SUMMARY OF THE ARGUMENT

First, the Complaint should be dismissed under Fed. R. Civ. P. 12(b)(1) because Plaintiff fails to cite any waiver of sovereign immunity. The only plausible statutory provision for a waiver of sovereign immunity is the Federal Tort Claims Act ("FTCA"). However, the FTCA does not waive sovereign immunity in this case because it explicitly excludes any claim that arises in respect to the assessment or collection of any tax. Furthermore, the Anti-Injunction Act explicitly bars the injunctive relief requested in this action. Consequently, this Court lacks subject matter jurisdiction and the Complaint should be dismissed.

Second, to the extent that the Complaint can be construed to contain a claim for damages, the Complaint must be dismissed for failing to state a claim for which relief may be granted. Plaintiff fails to allege any reckless, intentional, or negligent violation of the Internal Revenue Code and fails to demonstrate that the damages sought are proximately related to those violations. Consequently, the Complaint should be dismissed under Fed. R. Civ. P. 12(b)(6).

## ARGUMENT

As an initial matter, the Complaint names the Commissioner, Department of Treasury, Internal Revenue Service and an unnamed IRS employee as defendants. However, the only proper defendant to this action is the United States of America. *See Blackmar v. Guerre*, 342 U.S. 512, 514 (1952). Therefore, the named federal defendants should be dismissed as parties and the United States should be substituted in their place.

Notwithstanding that fact, as will be described in more detail below, Plaintiff's Complaint should be dismissed under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and under Fed. R. Civ. P. 12(b)(6) for failing to state a claim for which relief can be granted.

**I.      The Complaint Should Be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(1) For Lack of Subject Matter Jurisdiction Because Plaintiff Failed to Identify a Waiver of Sovereign Immunity and No Such Waiver Exists.**

Federal courts are "courts of limited jurisdiction" with "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co.*, 51 U.S. 375, 377 (1994). "A court is to presume . . . that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008). Where a pleading does not allege facts sufficient to establish subject matter jurisdiction, the case should be dismissed under Fed. R. Civ. P. 12(b)(1).

"Jurisdiction over any suit against the Government requires a clear statement from the United States waiving sovereign immunity, together with a claim falling within the terms of the waiver." *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003) (internal citations omitted). The burden is on the plaintiff to show "that an unequivocal waiver of sovereign immunity exists . . . ." *Welch v. United States*, 409 F.3d 646, 651 (4th Cir. 2005); *accord Alnor Check Cashing v. Katz*, 821 F. Supp. 307, 311 (E.D. Pa.), *aff'd*, 11 F.3d 27 (3d Cir. 1993) ("Any party attempting to sue the United States bears the burden of proving that Congress has waived sovereign immunity."). The waiver must be unequivocally expressed in statutory text, and cannot be implied or inferred. *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33-4 (1992); *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95 (1990); *Clinton County Comm'rs v. E.P.A.*, 116 F.3d 1018, 1021 (3d Cir. 1997). Any ambiguity must be construed strictly in favor

of immunity. *Nordic Village*, 503 U.S. at 34. If the plaintiff cannot carry his burden to show a claim falls within a waiver of immunity, the claim must be dismissed. Fed. R. Civ. P. 12(b)(1).

Plaintiff's Complaint is insufficient on its face to establish jurisdiction. Plaintiff fails to state any statute that waives sovereign immunity. Rather, Plaintiff merely states "IRS-Tax" as the jurisdictional basis for this suit. (Compl. 2).

As will be explained below, the most plausible statutory provision for Plaintiff's Complaint, the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.*, does not operate to waive sovereign immunity for Plaintiff's claims. Furthermore, the injunctive relief that Plaintiff seeks is expressly barred by the Anti-Injunction Act. Therefore, the Complaint should be dismissed for lack of subject matter jurisdiction.

### A. Taxpayers cannot sue the United States under the Federal Tort Claims Act for damages with respect to the assessment and collection of taxes.

The Federal Tort Claims Act ("FTCA") is "the exclusive remedy for tort claims against the United States arising from negligent or wrongful acts of government employees acting within the scope of their employment." *Lichtman v. United States*, No. CIV.A. 07-10, 2007 WL 2119221, at *4 (E.D. Pa. June 8, 2007), *aff'd*, 316 F. App'x 116 (3d Cir. 2008); *see also* 28 U.S.C. § 2679. However, the FTCA is subject to enumerated exceptions, one of which specifically excludes from this waiver "[a]ny claim arising in respect of the assessment or collection of any tax." 28 U.S.C. § 2680(c).

Plaintiff's claim for intentional infliction of emotion distress and loss of reputation apparently arise from the efforts of the IRS to collect Plaintiff's 2007 tax liabilities. As a result, the FTCA does not waive the United States' sovereign immunity. Therefore, any claim Plaintiff may be attempting to assert under the FTCA should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

**B.     The Anti-Inunction Act deprives the Court of jurisdiction to enjoin the Collection of Tax Assessments.**

To the extent that the Complaint can be construed as seeking an order enjoining the IRS from collecting Plaintiff's tax liabilities for the 2007 tax year, the suit is barred by the Anti-Injunction Act. *See* 26 U.S.C. § 7421(a). The Anti-Injunction Act provides that, subject to certain exceptions, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." *Id.* The purpose of the Anti-Injunction Act is to allow the United States to assess and collect taxes without judicial intervention, and "to require that the legal right to the disputed sums be determined in a suit for refund." *Zarra v. United States*, 254 Fed. App'x 931, 933 (3d Cir. 2007) (quoting *Enochs v. Williams Packing & Nav. Co.*, 370 U.S. 1, 7 (1962)).

In this case, Plaintiff asks the Court to "[o]rder all collections to cease for [his] 2007 Tax return." (Compl. 9). This is exactly the type of relief that is prohibited under the Anti-Injunction Act. Plaintiff also asks that the Court "deter [defendants] from such outrageous conduct in the future." (Compl. 9). While it is unclear the "outrageous" conduct to which Plaintiff is referring, to the extent that Plaintiff seeks to enjoin the United States from engaging in collection actions related to his 2007 tax liabilities, such relief is likewise prohibited under the Anti-Injunction Act. Therefore, the Court lacks subject matter jurisdiction and the Complaint should be dismissed under Fed. R. Civ. P. 12(b)(1).

**II.     The Complaint Should Be Dismissed Because it Fails to State a Claim for Which Relief May be Granted.**

In a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court evaluates whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff's claims are "plausible" if the plaintiff "pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Id.* The complaint must present factual allegations that are "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While a court must accept the allegations in the complaint and all reasonable inferences that can be drawn from them as true and view them in the light most favorable to the plaintiff for purposes of a Rule 12(b)(6) motion, it need not credit a complaint's "bare assertions" or legal conclusions. *Iqbal*, 556 U.S. at 681. A court reviewing the sufficiency of a complaint must (1) evaluate the elements necessary to state a claim, (2) exclude all conclusory allegations, and (3) assume the veracity of all well-pleaded factual allegations and determine whether they plausibly give rise to entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016).

Plaintiff fails to set forth any facts from which the Court could find that the United States is liable for any misconduct. The only facts that Plaintiff alleges are: (1) that he is the victim of identity theft, (2) that he did not file an amended 2007 tax return, and (3) that the IRS is attempting to collect Plaintiff's 2007 tax liabilities. (Compl. 5). From these sparse facts, Plaintiff asks that the Court award not only punitive damages, but also damages for intentional infliction of emotional distress and loss of reputation. As will be explained below, Plaintiff hardly alleges any misconduct, let alone any facts from which the Court could draw a reasonable inference that the United States is liable. Consequently, the Complaint should be dismissed for failing to state a claim for which relief may be granted.

    **A.**    **Plaintiff has failed to state a claim for damages under Section 7433 because he has failed to allege any facts that constitute reckless, intentional, or negligent violations of the Internal Revenue Code by an IRS employee.**

To the extent that the Complaint can be construed as seeking damages under Section 7433, this action should be dismissed for failing to state a claim for which relief may be granted. Section 7433 permits a claim against the United States for negligent, reckless, or

intentional disregard of the provisions of the Internal Revenue Code by an employee or officer of the IRS in connection with the collection of federal taxes.  26 U.S.C. § 7433.  However, Plaintiff fails to set forth any facts that constitute reckless, intentional, or negligent violations of the Internal Revenue Code by an IRS employee.

Although not a model of clarity, Plaintiff appears to set forth two perceived violations.  First, Plaintiff alleges that the IRS "threatened unlawful [sic] to take [his] Social Security benefits."  (Compl. 5).  To the extent that Plaintiff is alleging that the IRS may not levy upon his social security benefits, he sets forth no legal basis to support this contention.  Section 6331 provides that:

> If any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary to collect such tax (and such further sum as shall be sufficient to cover the expenses of the levy) by levy upon all property and rights to property . . . on which there is a lien . . . .

26 U.S.C. § 6331(a).  Furthermore, Section 6334 provides that "[n]otwithstanding any other law of the United States . . . no property or rights to property shall be exempt from levy other than the property specifically made exempt by subsection (a)."  26 U.S.C. § 6334(c).  Section 6334(a), in turn, lists various property exempt from levy, but social security benefits are not one of them.  *See* 26 U.S.C. § 6334(a).  Consequently, courts have consistently held that the IRS may levy on social security benefits.  *See, e.g.*, *Acevedo v. Bank of America, N.A.*, 2013 WL 1720967, *2 (E.D. Mo. 2013) ("Pursuant to these authorities, it is clear that the United States, though its agents, may garnish the plaintiff's monthly social security benefits until the plaintiff's outstanding federal income taxes and any assessed penalties are paid."); *Lenning v. United States*, 1996 WL 857913, *2 (D. Conn. 1996) ("[S]ocial security benefits are subject to levy by the IRS.").  Plaintiff has failed to set forth any other factual allegations from which the Court may infer the levy was unlawful.  Therefore, Plaintiff's "bare assertion" that the levy on social

security benefits is unlawful is not sufficient to state a claim for which relief may be granted under Section 7433. *See Iqbal*, 556 U.S. at 681.

Second, Plaintiff alleges that the debt from 2007 is past the statute of limitations. (Compl. 5). As above, Plaintiff fails to set forth any facts from which the Court could reach this conclusion. As such, this is a bare legal conclusion that the Court must exclude. *See Connelly*, 809 F.3d at 786. Consequently, Plaintiff has failed to allege any reckless, intentional, or negligent violations of the Internal Revenue Code by an IRS employee and has therefore failed to state a claim under Section 7334.

Even if the Court somehow finds that Plaintiff has managed to allege a violation of the Internal Revenue Code, Plaintiff still fails to state a claim for damages under Section 7433 because he fails to allege that the damages he seeks are the proximate result of the actions of any IRS employee. Under Section 7433, a taxpayer may only recover "actual, direct economic damages" that are the "proximate result" of the reckless, intentional, or negligent actions of any IRS employee. 26 U.S.C. § 7433(b)(1).

Here Plaintiff seeks $250,000 for intentional infliction of emotional distress; an unspecified amount for the loss of Plaintiff's "reputation in two counties as a Roman Catholic Priest, Sanctified Healer, and Federal Income Tax Accountant;" and an unspecified amount of punitive damages. (Compl. 9). Plaintiff fails to allege how these damages are the proximate result of any action taken by an IRS employee. Further, Plaintiff fails to allege how much of the damages is attributable to the claimed violation and how much is attributable to the defendants that were dismissed from the case. Consequently, Plaintiff has failed to state a claim for damages under Section 7433 and the Complaint must be dismissed.

## CONCLUSION

The Complaint must be dismissed for lack of subject matter jurisdiction and for failing to state a claim for which relief may be granted. Plaintiff has failed to identify any waiver of sovereign immunity and the only cognizable waiver explicitly excludes any claim arising from the assessment or collection of tax. Further, the Anti-Injunction Act explicitly bars the injunctive relief requested. Therefore, the Complaint should be dismissed because the Court lacks jurisdiction to hear Plaintiff's case. In addition, to the extent the Complaint can be construed to contain a claim for damages under Section 7433, the Complaint must be dismissed for failing to state a claim for which relief may be granted because Plaintiff fails to contend that any IRS employee has acted in violation of any internal revenue statute or regulation. Consequently, the United States respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice.

Date: April 6, 2018

        RICHARD E. ZUCKERMAN
        Principal Deputy Assistant Attorney General

        */s/ Catriona M. Coppler*
        CATRIONA M. COPPLER
        Trial Attorney, Tax Division
        U.S. Department of Justice
        P.O. Box 227
        Washington, D.C. 20044
        202-514-5153 (v)
        202-514-6866 (f)
        Catriona.M.Coppler@usdoj.gov