UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

| | |
|---|---|
| EDWARD T. KENNEDY, | : |
| | : |
| Plaintiff, | : |
| v. | : No. 5:18-cv-00257 |
| | : |
| COMMISSIONER DEPARTMENT OF THE | : |
| TREASURY INTERNAL REVENUE SERVICE; | : |
| et al., | : |
| | : |
| Defendants. | : |

_____

**O R D E R**

**AND NOW**, this 19th day of April, 2018, upon consideration of Plaintiff's request for ECF access on this case, ECF No. 6, it is **ORDERED** that the Request, ECF No. 6, is **DENIED**.[1]

---

[1]   A party that is not represented by an attorney who is admitted to practice in the Eastern District of Pennsylvania is not entitled to access to the ECF System as an ECF Filing User as a matter of course. Access can, however, be granted "[u]pon the approval of the judge." E.D. Pa. Local R. Civ. P. 5.1.2(4)(b).

A number of district courts require pro se litigants to demonstrate that they understand how to use the ECF System or attend a training session before the courts will grant them access. *See, e.g., Bardes v. Mass. Mut. Life Ins. Co.*, No. 1:11CV340, 2011 WL 1790816, at * 9 (M.D.N.C. May 10, 2011). Other courts require a pro se litigant to show "good cause" to obtain access. *See, e.g., Brooks v. Barney*, No. 3:13-CV-68, 2013 WL 6712847, at *2 (N.D. W. Va. Dec. 18, 2013) (concluding that a "substantially physically disabled" pro se litigant who informed the court that he "should not be driving on a consistent basis" did not show good cause in light of that court's local rules permitting litigants to file papers via mail or fax).

Here, Plaintiff has not explained why he wants to access the system or shown that there exists good cause for him to do so. Accordingly, the request is denied.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge