UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
Allentown Division

EDWARD T. KENNEDY,
      Plaintiff,

                                                   Case No. 5: 18-cv-00257-JFL

-v-

COMMISSIONER DEPARTMENT OF
THE TREASURY INTERNAL REVENUE
SERVICE, et. al.
      Defendants.

## PLAINTIFF'S MEMORANDUM IN RESPONSE TO DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION AND FAILURE TO STATE A CLAIM PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(B)(6.)

Plaintiff asks the court to deny Defendant's Motion to Dismiss for lack of subject matter jurisdiction and failure to state a claim pursuant to Fed R. Civ. P. 12(b) (6).

**A. Introduction**

    1.      Plaintiff is Edward T. Kennedy.

    2.      Defendants are Commissioner Department of the Treasury Internal Revenue Service and John Doe.[1]

    3.      Defendant filed a motion to dismiss and asked the court to dismiss plaintiff's suit for

---

[1] Defendant John Doe is R.B. Simmons, who identified himself in a letter to the Plaintiff stamped Mar 13, 2018. The letter was postmarked 03/15/2018, return address Internal Revenue Service PO Box 24551, Kansas Mo 64131-0551. Defendant Simmons has yet to be served by the US Marshall.

lack of subject-matter jurisdiction and failure to state a claim pursuant to Fed R. Civ. P. 12(b) (6).

      4.      Plaintiff files this response asking the court to deny defendant's motion.

**B.    Argument**

### There Is a Federal Question

      5.      Plaintiff sued defendants under US Law, a Federal Questions concerning statutory violations.

      6.      Plaintiff's claim is substantial and is based on federal law, namely, 15 U.S. Code § 1692d - Harassment or abuse, see Neitzke v. Williams, 490 U.S. 319, 327 n.6,109 S. Ct. 1827,1832 n.6 (1989).

      7.      Because plaintiff's claim involves a federal question, this court has jurisdiction to hear the suit.

      8.      When considering defendant's motion, the court must construe the factual allegations in the complaint in the light most favorable to plaintiff. See Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000); In re Stac Elecs. Sec. Litig., 89 F.3d 1399, 1403 (9th Cir. 1996).

      9.      If the factual allegations in plaintiff's complaint are sufficient to show that the right to relief is plausible and above mere speculation, the court should deny defendant's motion. See Bell Atlantic Corp v. Twombly, U.S. 128 S. Ct. 1955, 1965, 1974 (2007).

      10.      Plaintiff alleged a claim for Intentional infliction of emotional stress in this case.

      11.      The elements are of the tort of intentional infliction of emotional distress has four

elements: (1) the defendant must act intentionally or recklessly; (2) the defendant's conduct must be extreme and outrageous; and (3) the conduct must be the cause (4) of severe emotional distress. Hyatt, 943 S.W.2d at 297.

12. Although case law does not provide us with a precise definition of "extreme and outrageous," the test adopted by many courts for actionable conduct is that the conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Restatement (Second) of Torts section 46 cmt. d (1965).

13. The defendant's conduct must be more than malicious and intentional; and liability does not extend to mere insults, indignities, threats, annoyances, or petty oppressions. Viehweg v. Vic Tanny Intern. of Missouri, Inc., 732 S.W.2d 212, 213 (Mo.App.1987). "It is for the court to determine, in the first instance, whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery...." Restatement (Second) of Torts section 46 cmt. h (1965).

14. The court must determine whether an average member of the community upon learning of the facts alleged by plaintiff would exclaim "outrageous!" Viehweg, 732 S.W.2d at 213.

15. Plaintiff alleged that defendants knew plaintiff was harmed by Identity Theft, but continued to try to collect on a false and/or fake debt.

16. Defendant Simmons lied and liened, ie "stole," Plaintiff social security benefits on

March 28, 2018, despite writing in a letter to a Plaintiff that "Additionally any potential levy order social security has been blocked during the investigation."

17. Defendants have had over seven (7) months to "investigate" Plaintiff's recent Affidavit of Identity Theft and eighteen (18) years to investigate the 2000 to 2017 falsified tax returns and Plaintiff letters to the Defendant. [2]

18. Defendant John Doe, now known to the Plaintiff as R. B.Simmons, took an oath to tell the truth, and not misinform, and not misconstrue.

19. Plaintiff has alleged facts sufficient to show that the right to relief is plausible and above mere speculation.

20. Factual evidence for (b) Loss of reputation is a priest and (c) Loss of reputation as a tax accountant mentioned heretofore, are outrageous and will be provided to a jury at the jury trial.

21. Plaintiff has recently learned that Defendants are not licensed in the Commonwealth of Pennsylvania Secretary of State to conduct business, and thus may have committed interstate-crimes.

22. Plaintiff rebuts the presumption that either United States or United States of America is the real party of interest.

**C.  Conclusion**

---

[2] Defendants did not provide a form to taxpayers to file an Affidavit of Identity Theft form until April, 2017, see link here: https://www.irs.gov/pub/irs-pdf/f14039.pdf.

23. Because the court has federal question jurisdiction, the court should deny defendant's motion to dismiss and retain the case on the court's docket.

24. Because Plaintiffs factual allegations support a claim upon which relief can be granted, the court should deny defendant's motion and retain the case on the court's docket.

25. Because Defendant Simmons has yet to be served by the US Marshall, the court should deny defendant's motion and retain the case on the court's docket.

26. In the alternative, if the court determines that plaintiff has failed to state a claim, plaintiff asks the court to grant leave to amend the complaint.

Date: April 19, 2018.

Respectfully submitted,

*[signature]*

Edward T. Kennedy
401 Tillage Road
Breinigsville, Pennsylvania 18031
Email: pillar.of.peace.2012@gmail.com
Email: kennedy2018@alumni.nd.edu
Telephone: 415-275-1244
Fax: 570-609-1810