UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
Allentown Division

EDWARD T. KENNEDY,

    Plaintiff,

    -v-

COMMISSIONER DEPARTMENT OF
THE TREASURY INTERNAL REVENUE
SERVICE, et. al.

    Defendants.

Case No. 5: 18-cv-00257-JFL

## ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGEMENT

Upon consideration of the plaintiff's Motion for Partial Summary Judgment, any opposition and reply thereto, it is

ORDERED that the motion is GRANTED

ORDERED that the motion is DENIED

DATE:_____

                                                _____
                                                UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
Allentown Division

EDWARD T. KENNEDY,

        Plaintiff,

                                                      Case No. 5: 18-cv-00257-JFL

        -v-

COMMISSIONER DEPARTMENT OF
THE TREASURY INTERNAL REVENUE
SERVICE, et. al.

        Defendants.

## PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGEMENT

1.       Plaintiff moves for an order granting partial Summary Judgement against Commissioner Department of the Treasury Internal Revenue Service.

2       Summary judgment is proper in this case because there is no genuine issue of material fact because plaintiff is entitled to judgment as a matter of law. Specifically all four elements of intentional infliction of emotional distress is satisfied, and now supported by the bad behaviors and possible fraud on this Court by U.S. Department of Justice employee Coppler.

3.       This motion is based on the pleadings and papers on file in this case, the attached summary-judgement evidence, and in the attachment of Plaintiff's Memorandum in Support of Motion for Partial Summary Judgement.

WHEREFORE, Plaintiff requests the court grant the order for Plaintiff's Motion for Partial Summary Judgment.

Date: April 20, 2018.

Respectfully submitted,

*/s/ Edward T. Kennedy*

Edward T. Kennedy
401 Tillage Road
Breinigsville, Pennsylvania 18031
Email: pillar.of.peace.2012@gmail.com
Email: kennedy2018@alumni.nd.edu
Telephone: 415-275-1244
Fax: 570-609-1810

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 20, 2018 that I filed a copy of the foregoing Plaintiff's Motion for Partial Summary Judgement and Plaintiff's Memorandum in Support of Motion for Partial Summary Judgement in person at the office of the Clerk of Court at United States District Court for the Eastern District of Pennsylvania Allentown Division location, and served by fax number 202-514-6866 to the following Attorney:

>Catriona M. Coppler
>Tax Attorney, Tax Division
>US Department of Justice
>Post Office Box 227
>Washington DC 20044

_[signature]_
EDWARD T. KENNEDY
Plaintiff, Pro Se.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
Allentown Division

EDWARD T. KENNEDY,
    Plaintiff,

                                Case No. 5: 18-cv-00257-JFL

-v-

COMMISSIONER DEPARTMENT OF
THE TREASURY INTERNAL REVENUE
SERVICE, et. al.,
    Defendants.

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF
## MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff asks the court to render a partial summary judgment against defendants, as authorized by Federal Rule of Civil Procedure 56.

### A. Introduction

1.     Plaintiff is Edward T. Kennedy; defendants are Commissioner Department of the Treasury Internal Revenue Service and John Doe, now known to the plaintiff as R.B. Simmons.

2.     Plaintiff sued defendants for the tort of intentional infliction of emotional distress, and injuries and damages for harm to his ability to earn a living as a priest and as a tax accountant.

3.     On April 6, 2018, defendant filed a brief and motion to dismiss. On April 19, 2018, Plaintiff filed Plaintiff's Memorandum in Response to Defendant's Motion to Dismiss and a Motion to Deny Defendant's Motion to Dismiss.

4.     Plaintiff files this Motion for Partial Summary Judgment on his claim for the tort of intentional infliction of emotional distress and injuries and damages for harm to his ability to earn a

-1-

living as a priest and as a tax accountant. Partial Summary judgment should be granted in this case because the summary-judgment evidence establishes all elements of plaintiff's claim as a matter of law., and due to probable fraud on the Court by Defendant's Attorney.

### B. Statement of Facts

5. Prima facie evidence presented here are uncontroverted facts that entitle plaintiff to judgment as a matter of law.

6. United States District Court Eastern District of Pennsylvania Allentown Division is not the United States Tax Court.

7. Plaintiff's claim for intentional infliction of emotional distress is a tort, and not tax law, and that Defendant's outrageous behavior is the cause of severe emotional stress, and that this severe stress affected Plaintiff's ability to function as a priest and tax accountant.

8. The District of Columbia BAR ("DC BAR') website, [1] states the following about Attorney Catriona M. Coppler:

      a.    Catriona M Coppler
      b.    555 4th ST NW
      c.    Washington DC 20001-2733
      d.    UNITED STATES
      e.    Phone: (202) 514-5153
      f.    Membership Type: ACTIVE ATTORNEY New Admit
      g.    Membership Status: New Admit
      h.    Date of Admission: 12/04/2017

---

[1] link here: https://join.dcbar.org/eweb/DynamicPage.aspx?Site=dcbar&WebCode=FindMemberResults&firstOrMiddle=&last=coppler

9.  On April 6, 2018, Catriona M. Coppler, hereinafter "Coppler" filed documents into the United States District Court Eastern District of Pennsylvania and states under oath the she is a Trial Attorney, Tax Division, U.S. Department of Justice, PO Box 227, Washington, DC 20044. Coppler did not file an entry of appearance. Additionally, Defendant John Doe, now identified as R.B. Simmons by the Plaintiff, is not yet served by the US Marshall.

10. Coppler took an oath with the DC BAR to tell the truth, and not to lie, and not to mislead, misconstrue, misrepresent and/or put false information into courts of law and in the public record under oath.

11. Under oath, in order to be employed by the U.S. Department of Justice, Coppler agreed to tell the truth, and not to lie, and not to mislead, misconstrue, misrepresent and/or put false information into courts of law and in the public record under oath.

12. Coppler took an oath with the DC BAR to tell the truth and that and that she is familiar with the current version of the federal rules of civil procedure, the federal Rules of Evidence, the local rules of this court [2], the rules of professional conduct is adopted by the District of Columbia Court of Appeals, and the DC BAR voluntary standards for civility and professional conduct adopted by the bar on June 18th, 1966. [3]

13. U.S. DISTRICT AND BANKRUPTCY FOR THE DISTRICT OF COLUMBIA ATTORNEY RENEWAL/GOVERNMENT CERTIFICATION FORM [4] is an application to

---

[2] This Court means courts of the DC BAR.
[3] Exhibit 1 is a two pages of the application Coppler signed for membership into the DC BAR.
[4] Exhibit 1, 2 pages.

practice law in the Courts of the DC BAR, and is not an application to practice law in the United States District Court for the Eastern District of Pennsylvania.

14. Coppler is not registered to practice law in the Commonwealth of Pennsylvania, and is not listed in www.martindale.com.

15. Coppler's address registered with the DC BAR does not match her signature page from page 10 of her BRIEF IN SUPPORT OF THE UNITED STATES' MOTION TO DISMISS, filed in this court. Coppler claims to represent the United States, the United States of American and John Doe. Coppler filed her Motion and Brief without knowing the identity of John Doe. (possible fraud on the court)

16. Coppler signed both her Motion to Dismiss and Brief on April 6, 2018 with digital signatures and not her <u>handwritten</u> signature. (possible violations of local practice, the rules of this court, local customs of this court, and the Federal Rules of Civil Procedure Rule 11.)

17. The evidence is that Coppler lied under oath, violated her oath and presented false information into this Court of Law. These lies are prima facie evidence that supports plaintiff's claims for the tort claim of intentional infliction of emotional distress against the Defendants.

18. The tort of intentional infliction of emotional distress has four elements:
    *(1) the defendant must act intentionally or recklessly;*
    *(2) the defendant's conduct must be extreme and outrageous; and*
    *(3) the conduct must be the cause*
    *(4) of severe emotional distress.* [5]

### C. Argument

19. Summary judgment is proper in a case where there is no genuine issue of material

---

[5] See Hyatt, 943 S.W.2d at 297.

fact.[6]

20.     A plaintiff moving for partial summary judgment satisfies its burden by submitting summary-judgment proof that establishes all elements of its claim as a matter of law. San Pedro v. United States, 79 F.3d 1065,1068 (11th Cir. 1996).

21.     Plaintiff must show that no reasonable trier of fact could find other than for plaintiff. Calderone v. United States, 799 F.2d 254,259 (6th Cir. 1986).

22.     Because there are no genuine issues of material fact on any element of intentional infliction of emotional distress, plaintiff is entitled to summary judgment as a matter of law.

### D. Summary-Judgment Evidence

23.     In support of his motion, plaintiff includes evidence in the attached appendix, which is incorporated by reference into the motion and titled Exhibit 1.

Date: April 20, 2018.

Respectfully submitted,

*/s/ Edward T. Kennedy*

Edward T. Kennedy
401 Tillage Road
Breinigsville, Pennsylvania 18031
Email: pillar.of.peace.2012@gmail.com
Email: kennedy2018@alumni.nd.edu
Telephone: 415-275-1244
Fax: 570-609-1810

---

[6] See Fed. R. Civ. P. 56(c); Scott v. Harris, U.S, 127 S. Ct. 1769,1776 (2007); Celotex Corp. v. Catrett, 411 U.S. 317, 322,106 S. Ct. 2548, 2552 (1986).

# Exhibit 1

# U.S. DISTRICT AND BANKRUPTCY COURTS FOR THE DISTRICT OF COLUMBIA
## ATTORNEY RENEWAL/GOVERNMENT CERTIFICATION FORM

*PLEASE COMPLETE THE INFORMATION REQUESTED BELOW:*

Last Name: _____   First Name: _____

Middle Name: _____   Generation (Jr.,Sr., etc.): _____

Last four (4) digits of Social Security Number: _____   Date of Birth: _____

USDC Bar Number: _____   USDC Date of Admission: _____

Principal Office Address:

Firm: _____

Street: _____

Suite: _____

City: _____   State: _____

Zip: _____   Phone: _____

Unit (within firm or agency): _____

E-Mail Address: _____

STATE/FEDERAL GOVERNMENT ATTORNEY:    Yes [ ]    No [ ]

**NOTE:** All occasions, if any, on which you have been held in contempt of Court, convicted of a crime, censured, suspended, disciplined or disbarred by any Court since your last renewal date should be noted on a separate sheet attached to this form. State the facts and circumstances connected therewith.

### CHANGE OF ADDRESS
This form may serve as written notification to the Clerk's Office of address change under the requirements of Local Rule 83.15(c). However, this notification **DOES NOT** fulfill the PRAECIPE requirement of the Rule. 83.15(c) requires that, **"(t)he attorney shall also within 10 days file a praecipe reflecting such change in each case which the attorney has pending before this Court serving a copy upon each of the attorneys in these cases."**

### FAILURE TO RENEW
An attorney who fails to file the required certification and pay the renewal fee will be provisionally removed from the list of members in good standing. The attorney will be restored to the list of members in good standing upon the filing of the required certificate and payment of the delinquent fee within five years after the due date. At the end of the five years from the due date, the attorney's name will be permanently removed from the roll, without prejudice to an application for admission as a new member. [Local Rule 83.9(c)].

## *PLEASE REMEMBER: THERE IS A $25.00 RENEWAL FEE!!*

**PAYABLE ONLINE VIA ECF AND PAY.GOV:** *IN CASE 11mc9999*
Visit **http://www.dcd.uscourts.gov/dcd/attorney-forms** for more information.
-OR-
**PAYABLE BY CHECK TO:** *CLERK, U.S. DISTRICT COURT*
**MAIL TO:**
U.S. DISTRICT AND BANKRUPTCY COURTS FOR THE DISTRICT OF COLUMBIA
333 Constitution Avenue, NW
Room 1225
Washington, DC 20001

1

## ~iSTRICT AND BANKRUPTCY COURTS
## FOR THE DISTRICT OF COLUMBIA

### ATTORNEY CERTIFICATION

In compliance with Local Rule 83.9(a) AND LCrR 57.21.1, all attorneys who are members in good standing of the bar of this Court, AND/OR, government attorneys eligible to practice by virtue of LCvR 83.2(e) or (f)/LCrR 44.1(e), must submit this certification and hereby certify that he/she:

**(MANDATORY FOR ATTORNEYS WHO ARE MEMBERS OF THE BAR OF THIS COURT)**
**(OPTIONAL FOR ATTORNEYS WHO WISH TO MAINTAIN A 'GOVERNMENT' STATUS)**

1. ☐ is familiar with the current version of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of this Court, the Rules of Professional Conduct as adopted by the District of Columbia Court of Appeals, and the D.C. Bar Voluntary Standards for Civility in Professional Conduct, adopted by the Bar on June 18, 1996; **and/or**

2. ☐ is familiar with the current version of the Federal Rules of Criminal Procedure, the Sentencing Guidelines, the Federal Rules of Evidence, the Local Rules of this Court, and the Code of Professional Conduct as adopted by the District of Columbia Court of Appeals. (Attorneys who appear in criminal cases.)

In compliance with Local Rule 83.2(b) or LCrR 44.1(b), an attorney who wishes to appear as sole or lead counsel in a contested evidentiary hearing or trial on the merits further certifies that he/she:

### (CHECK ALL ITEMS THAT APPLY)

3. ☐ has previously acted as sole or lead counsel in a federal district court or the Superior Court of the District of Columbia or a state trial court of general jurisdiction in a contested jury or bench trial or other contested evidentiary hearing in which testimony was taken in open court and an order or other appealable judgment was entered. [LCvR 83.2(b)(1)/LCrR 44.1(b)(1)]; **OR**

4. ☐ has participated in a junior capacity in an entire contested jury or bench trial in a federal district court or the Superior Court of the District of Columbia or a state trial court of general jurisdiction. [LCvR 83.2(b)(2)/LCrR 44.1(b)(2)]; **OR**

5. ☐ has satisfactorily completed a continuing legal education trial advocacy course of at least 30 hours sponsored by the District of Columbia Bar or accredited by a State Bar. [LCvR 83.2(b)(3)/LCrR 44.1(b)(3)]

In consideration of LCvR 83.10(a) and 83.11, the undersigned applicant certifies that he/she:

### (OPTIONAL)

6. ☐ has read LCvR 83.10(a) and understands that members in good standing of the bar of this Court have an obligation to assist or represent the needy in civil matters before this Court whenever requested by the Court and if necessary, without compensation. I have read LCvR 83.11 and understand that the Court has established a voluntary Civil Pro Bono Panel from which attorneys may be appointed by the Court to represent indigent pro se litigants. I have indicated below whether I would like to receive additional information regarding the Court's Civil Pro Bono Panel.

Please Send ☐     Do Not Send ☐

I declare under penalty of perjury that the foregoing is true and correct.

_____     _____
DATE                             SIGNATURE OF ATTORNEY
                                 (If electronically filed, use /s/ [Name of Attorney])

2