IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EDWARD T. KENNEDY,                    )
                                      )    Case No. 5:18-cv-00257-JFL
          Plaintiff,                  )
                                      )
          v.                          )
                                      )
COMMISSIONER DEPARTMENT OF THE        )
TREASURY INTERNAL REVENUE             )
SERVICE, *et al.*,                    )
                                      )
          Defendants.                 )
_____)

## REPLY IN SUPPORT OF THE UNITED STATES' MOTION TO DISMISS

In its Motion to Dismiss, the United States established (1) that the Court lacks subject matter jurisdiction over this refund suit because Plaintiff failed to identify a waiver of sovereign immunity and (2) that Plaintiff has failed to state a claim upon which relief may be granted. Plaintiff filed a response, but failed to rebut the United States' arguments. Specifically, Plaintiff failed to identify any waiver of sovereign immunity that would give this Court jurisdiction over this case. Thus, the United States' Motion to Dismiss should be granted.

## ARGUMENT

### I.    The United States is the Only Proper Party to this Action.

Plaintiff purportedly "rebuts the presumption that either United States or United States of America is the real party of interest," but offers no further explanation or support for this bare assertion. Pl.'s Mot. to Deny Def.'s Mot. to Dismiss 4, ¶ 22. However, absent express waiver, the United States, its agencies, and its employees sued in an official capacity, are each shielded from suit by sovereign immunity. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1995); *Beneficial*

*Consumer Disc. Co. v. Poltonowicz*, 47 F.3d 91, 94 (3d Cir. 1995).  Because there is no indication that the named defendants are served in anything but their official capacities and Plaintiff has not specifically identified any waiver of sovereign immunity in this action, the named defendants are shielded from suit by sovereign immunity.

Here, Plaintiff has filed suit against Commissioner, Department of Treasury Internal Revenue Service and an unnamed IRS employee, "John Doe".  Compl. 3.  For the first time in his response, Plaintiff identifies the "John Doe" defendant as R.B. Simmons.  Pl.'s Mot. to Deny Def.'s Mot. to Dismiss 1, ¶ 2, n.1.  However, Plaintiff has neither moved to substitute R.B. Simmons as a party nor served R.B. Simmons with the Complaint and Summons.  *Id.* ("Defendant Simmons has yet to be served by the US Marshall.").  Consequently, this Court lacks personal jurisdiction over R.B. Simmons at this time.  *See Flythe v. Solomon & Strauss, LLC*, No. CIV.A. 09-6120, 2011 WL 2314391, at *1 (E.D. Pa. June 8, 2011) ("A prerequisite to the court's acquiring personal jurisdiction over the defendant is proper service on the defendant of the summons and complaint.").  Furthermore, because there is no indication that R.B. Simmons, or any other defendant, is being named in anything other than in their official capacities, Plaintiff must identify a waiver of sovereign immunity in order for this Court to have jurisdiction over them.

Plaintiff fails to do so.  Plaintiff's purported claims for intentional infliction of emotional distress and loss of reputation sound in tort and the only statutory provision that may provide the basis for this claim is the Federal Tort Claims Act ("FTCA").  *See* 28 U.S.C. § 267, *et seq.* However, a claim for tort under the FTCA must be brought, if at all, against the United States. *See Cox v. Sec. of Labor*, 739 F. Supp. 28, 29 (D.D.C. 1990) ("The FTCA directs that the exclusive remedy for tort claims is an action against the United States rather than against the

individuals or the particular government agencies."); *see also Prather v. Attorney General of U.S.*, 443 F. App'x 766, 767 (3d Cir. 2011) ("[T]he FTCA also delineates that a party may only sue 'the United States,' not a federal agency or a federal official."). The FTCA therefore provides no waiver of sovereign immunity for any federal agency or federal official and a complaint filed against such a party is subject to dismissal for lack of jurisdiction. *See Cox*, 739 F. Supp. at 29 (dismissing FTCA claim against Secretary of Labor in her official capacity for lack of subject matter jurisdiction); *see also Farmer v. La. Elec. Crimes Task Force*, 553 F. App'x 386, 389, n.5 (5th Cir. 2014) ("Since the United States, and not the agency itself, is the proper defendant, an FTCA claim against a federal agency instead of the United States must be dismissed for want of jurisdiction."); *Good v. Ohio Edison Co.*, 149 F.3d 413, 418 (6th Cir. 1998) ("[A]n FTCA action naming only the United States Post Office and several individual postal workers as defendants must be dismissed for lack of jurisdiction because the United States of America is the only proper defendant in such an action . . . .").

Plaintiff further purports to premise jurisdiction for his claim for damages upon the federal question statute and 15 U.S.C. § 1692d. Pl.'s Mot. to Deny Def.'s Mot. to Dismiss 2, ¶¶ 5-7. However, neither provides any waiver of sovereign immunity, and creates no private cause of action for money damages against the IRS or its employees. Rather, the exclusive remedy for plaintiffs seeking damages for the improper collection of federal taxes is a suit for damages against the United States. 26 U.S.C. § 7433(a).

Consequently, the United States is the only proper party to this suit and the Court lacks subject matter jurisdiction to hear any claim against any of the named defendants. *See Meyer*, 510 U.S. at 475. Therefore, the United States should be substituted for the named defendants and all claims against the named defendants should be dismissed.

**II.    This Court Lacks Jurisdiction Because Plaintiff has Failed to Identify a Waiver of Sovereign Immunity**

Plaintiff alleges in his Response that "Defendant's claim of sovereign immunity and the Internal Revenue Code Section 7433 are not relevant to this case."  Pl.'s Mot. to Deny Def.'s Mot. to Dismiss 1, ¶ 4.  Plaintiff further argues that this Court has jurisdiction because there is a federal question based on violations of 15 U.S.C. § 1692d.[1]  Pl.'s Mem. in Resp. 2, ¶¶ 5-7.  Plaintiff confuses the issue of sovereign immunity.

It is well-settled that the United States may not be sued without its consent and that the existence of consent is a prerequisite of jurisdiction.  *United States v. Testan*, 424 U.S. 392, 399 (1976).  The terms of the United States' consent to be sued define the Court's jurisdiction.  *United States v. Mitchell*, 463 U.S. 206, 212 (1983).  If Plaintiff cannot carry his burden of demonstrating that his claim falls within a waiver of sovereign immunity, the claim must be dismissed.  *See Alnor Check Cashing v. Katz*, 821 F. Supp. 307, 311 (E.D. Pa.), *aff'd*, 11 F.3d 37 (3d Cir. 1993) ("Any party attempting to sue the United States bears the burden of providing that Congress has waived sovereign immunity."); *see also* Fed. R. Civ. P. 12(b)(1).

As will be described below, Plaintiff fails to identify any valid waiver of sovereign immunity for any of the claims either contained in his Complaint or in his Response to the

---

[1] Plaintiff also cites to *Neitzke v. Williams*, 490 U.S. 319, 327, n.6 (1989) as the basis for his argument that this Court has jurisdiction.  However, that case stands for the proposition that "a complaint filed *in forma pauperis* is not automatically frivolous within the meaning of § 1915(d) because it fails to state a claim."  *Id.* at 331.  The footnote that Plaintiff cites states "[a] patently insubstantial complaint may be dismissed, for example, for want of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)."  *Id.* at 327, n.6.  It is unclear how Plaintiff construes this case as a means to grant this Court jurisdiction.  Rather, this case merely seems to enforce the idea that if the Court finds that it does not have subject matter jurisdiction, as is the case here, then the Court may dismiss the action.

4

United States' Motion to Dismiss.  The United States can think of no waiver that would give this Court jurisdiction.  Consequently, Plaintiff's Complaint should be dismissed.

### A.     Claim for Intentional Infliction of Emotional Distress

Plaintiff argues that the Court has jurisdiction over his intentional infliction of emotional distress claim because there is a federal question.  Pl.'s Mem. in Resp. 2, ¶ 7.  Although the Federal Question Statute, Section 1331, does grant U.S. District Courts original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States, it is well established that Section 1331 in and of itself provides no general waiver of sovereign immunity. 28 U.S.C. § 1331; *see also Harbert v. United States*, 206 F. App'x 903, 907 (11th Cir. 2006) ("[Section] 1331 cannot be construed to constitute a waiver of sovereign immunity."); *A.L. Rowan &Son, Gen. Contractors, Inc. v. Dep't of Hous.,* 611 F.2d 997, 1000 (5th Cir. 1980). Therefore, Section 1331 does not provide a waiver of sovereign immunity that would provide this Court with subject matter jurisdiction over Plaintiff's intentional infliction of emotional distress claim.

Furthermore, as previously explained in more detail in the United States' Brief in Support of its Motion to Dismiss, the only other statutory provision for Plaintiff's intentional infliction of emotional distress claim is the Federal Tort Claims Act ("FTCA").  Def.'s Mem. in Supp. Mot. to Dismiss 5; *see also* 28 U.S.C. § 267, *et seq*.  However, the FTCA is subject to enumerated exceptions, one of which specifically excludes from the waiver of sovereign immunity "[a]ny claim arising in respect of the assessment or collection of any tax."  28 U.S.C. § 2680(c). Because Plaintiff's claim for intentional infliction of emotional distress stems from the efforts of the IRS to collect Plaintiff's tax liabilities, the exception applies and the FTCA does not provide a waiver of sovereign immunity.

Even if the exception was not applicable in this case, this Court would still not have jurisdiction under the FTCA.  In accordance with the clear language of the statute, the filing of a proper administrative claim is jurisdiction and is an absolute, non-waivable perquisite to bringing suit under the FTCA.  *Bialowas v. United States*, 443 F.2d 1047, 1049 (3d Cir. 1971); *Livera v. First Nat. State Bank of New Jersey*, 879 F.2d 1186, 1194-95 (3d Cir. 1989).  Plaintiff has failed to allege that that he made an administrative claim.  Consequently, this Court does not have jurisdiction over Plaintiff's claim for intentional infliction of emotional distress.

**B.    Claim under the Fair Debt Collection Practices Act**

Plaintiff also alleges, for the first time in his Response, that this action arises under Section 1692d of the Fair Debt Collection Practices Act ("FDCPA").  Pl.'s Mem. in Resp. 2, ¶ 6; *see also* 15 U.S.C § 1692d.  However, Section 1692d fails to provide a waiver of sovereign immunity that would grant this Court jurisdiction.

In fact, the FDCPA does not even apply to the IRS because the IRS is not a "debt collector" within the meaning of the FDCPA.  15 U.S.C. § 1692a(6)(C) (providing that "any officer or employee of the United States" is not a "debt collector" for purposes of the FDCPA where that officer or employee is "collecting or attempting to collect any debt . . . in the performance of his official duties"); *see also Givens v. Citimortgage, Inc*., No. CIV PJM 10-1249, 2011 WL 806463, at *2 (D. Md. Feb. 28, 2011) ("For an FDCPA claim against a 'debt collector' to survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege facts that make it plausible to believe that the defendant is in fact a debt collector as defined by the FDCPA."). Further, federal taxes are not a "debt" as defined by the FDCPA because they do not arise out of a transaction.  *See* 15 U.S.C § 1692a(5); *Berman v. GC Servs. Ltd. P'ship*, 146 F.3d 482, 486-87 (7th Cir. 1998); *Smith v. United States*, No. 08-10288, 2008 WL 5069783, at *2 (5th Cir. Dec. 2,

2008) (holding the invocation of the FDCPA in regard to federal tax collection was "entirely without merit" and sanctioning a pro se litigant for a frivolous appeal).

Consequently, because the FDCPA does not include a waiver of sovereign immunity and it does not even apply to the IRS, this Court lacks jurisdiction over Plaintiff's FDCPA claim.

### C.    Claim for Damages Under Section 7433

Plaintiff avers that Section 7433 is not relevant to this case.  Pl.'s Mot. to Deny Def.'s Mot. to Dismiss 1, ¶ 4.  Ironically, Section 7433 contains the only waiver of sovereign immunity that may provide this Court jurisdiction over Plaintiff's claim for damages.  *See* 26 U.S.C. § 7433.  However, as will be explained below, even if Plaintiff did bring this suit under Section 7433, this Court would still lack jurisdiction.

Plaintiff seems to allege for the first time that the assessments that the IRS made against him are incorrect.  *See* Pl.'s Mem. in Resp. 3, 4 ¶¶ 15, 17 (alleging that Defendants attempted "to collect on a false and/or fake debt" and that from 2000 to 2017 "falsified tax returns" were filed).  Thus, to the extent that Plaintiff is seeking damages for the improper determination of federal taxes, such an action cannot be maintained under Section 7433.

Section 7433 provides a limited waiver of sovereign immunity from suits for damages if an officer or employee of the IRS "recklessly or intentionally, or by reason of negligence, disregards" any provision of the Internal Revenue Code or Treasury Regulations "in connection with the *collection* of any federal tax."  26 U.S.C. § 7433 (emphasis added).  "[S]ection 7433's limited waiver to the government's sovereign immunity must be read narrowly."  *Allied/Royal Parking L.P. v. United States*, 166 F.3d 1000, 1003 (9th Cir. 1999).

Section 7433 provides for an action only in connection with the collection of federal tax, not in connection with the determination or assessment of federal tax.  *Gass v. U.S. Dept. of*

*Treas.*, 216 F.3d 1087 (10th Cir. 2000); *Hudson Valley Black Press v. IRS*, 409 F.3d 106, 112-13 (2d Cir. 2005); *Judicial Watch, Inc. v. Rossotti*, 317 F.3d 401, 411 (4th Cir. 2003).  A taxpayer may not recover damages under Section 7433 for improper assessments of taxes, which relates to the determination of tax liability, but not collection of taxes.  *Shaw v. United States*, 20 F.3d 182, 184 (5th Cir. 1994).  Accordingly, to the extent that Plaintiff seeks to challenge the determination or assessment of federal tax, this Court lacks jurisdiction.

To the extent that Plaintiff does seek damages in connection with the collection of federal taxes, this Court still lacks jurisdiction.  Prior to bringing suit in federal district court under Section 7433, taxpayers must exhaust their administrative remedies.  26 U.S.C. § 7433(d)(1).  "A judgment for damages shall not be awarded under [Section 7433] subsection (b) unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service."  *Id.*

The Secretary of the Treasury has promulgated regulations governing the administrative claim for damages under Section 7433.  *See* 26 C.F.R. § 301.7433-1(e).  The regulations provide that the taxpayer must send a written administrative claim for damages to the area director in the district where the taxpayer lives.  *Id.*  Failure to comply with this regulation deprives the Court of jurisdiction.  *See Venen v. United States*, 38 F.3d 100, 103 (3d Cir. 1994).

"In a § 7433 action, the plaintiffs bear 'the burden of demonstrating an explicit waiver of the government's sovereign immunity from suit."  *Holt v. Davidson*, 441 F. Supp. 2d 92, 96 (D.D.C. 2006) (citing *People of Cal. ex. rel. Ervin v. Dist. Dir.*, 170 F. Supp. 2d 1040, 1048 (E.D. Cal. 2001)).  Where a statute provides a limited waiver of sovereign immunity, there is no jurisdiction unless the Plaintiff has complied with the statute's prerequisites.  *See White v. C.I.R.*, 899 F. Supp. 767, 773-74 (D. Mass. 1995).

In this case, Plaintiff makes no assertions concerning his pursuit of administrative remedies.  In fact, Plaintiff even goes so far as to allege that Section 7433 is not relevant to this case.  Pl.'s Mot. to Deny Def.'s Mot. to Dismiss 1, ¶ 4.  Plaintiff has therefore not met his burden in alleging that the United States has unequivocally waived its sovereign immunity under Section 7433.  Consequently, there is no waiver of sovereign immunity to support any of Plaintiff's claims and this action should be dismissed.

## CONCLUSION

Plaintiff's response failed to rebut the United States' arguments and failed to point to any valid waiver of sovereign immunity.  Consequently, this Court lacks jurisdiction and the Complaint should be dismissed.

Date: April 26, 2018

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

*s/ Catriona M. Coppler*
CATRIONA M. COPPLER
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C.  20044
202-514-5153 (v)
202-514-6866 (f)
Catriona.M.Coppler@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 26, 2018, I electronically filed the foregoing document with

the Clerk of Court using the CM/ECF system, and sent via first-class mail to the following:

> EDWARD T. KENNEDY
> 401 Tillage Rd.
> Breinigsville, PA 18031

> *s/ Catriona M. Coppler*
> CATRIONA M. COPPLER
> Trial Attorney
> United States Department of Justice, Tax Division