IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD T. KENNEDY,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>COMMISSIONER DEPARTMENT OF<br>THE TREASURY INTERNAL REVENUE<br>SERVICE, *et al.*,<br><br>　　　　Defendants. | Case No. 5:18-cv-00257-JFL |

**UNITED STATES' MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff's Motion for Partial Summary Judgment is frivolous, and should be denied. Plaintiff has failed to demonstrate a waiver of sovereign immunity that would grant this Court jurisdiction. Absent jurisdiction, this Court cannot reach the merits of Plaintiff's claims.

Even if this Court could reach the merits, Plaintiff's Motion for Partial Summary Judgment should be denied because Plaintiff has failed to demonstrate that there is no genuine dispute as to any material fact, and that he is entitled to judgment as a matter of law.

**BACKGROUND**

The United States filed a Motion to Dismiss for Lack of Jurisdiction and Failure to State a Claim on April 6, 2018 and a Reply in Support on April 26, 2018. (Dkt. Nos. 5 & 14). The grounds for this Motion are that: (1) the United States is the only proper party to the action, (2) the Court lacks subject matter jurisdiction where Plaintiff failed to allege a waiver of sovereign immunity and the Anti-Injunction Act, 26 U.S.C. § 7421(a), bars the injunctive relief requested, and (3) Plaintiff fails to allege a plausible claim for damages under Section 7433 of the Internal Revenue Code. (Dkt. No. 5). This Motion to Dismiss is currently pending.

On April 20, 2018, Plaintiff moved for partial summary judgment. (Dkt. No. 11). Plaintiff asks the Court to render judgment in his favor on his claim for intentional infliction of emotional distress and "injuries and damages for harm to his ability to earn a living as a priest and as a tax accountant." *Id.*

## STATEMENT OF THE QUESTIONS INVOLVED

1.  Whether Plaintiff is entitled to partial summary judgment in the absence of subject matter jurisdiction for this action?

2.  Whether partial summary judgment should be denied because Plaintiff has failed to establish the absence of any genuine issue of material fact, or his entitlement to judgment as a matter of law?

## SUMMARY OF THE ARGUMENT

This Court lacks jurisdiction over this case and it therefore cannot reach the merits of Plaintiff's claims. Even if the Court could reach the merits, the Motion should be denied because Plaintiff has failed to demonstrate that there is no genuine dispute as to any material fact and that he is entitled to judgment as a matter of law.

## ARGUMENT

**I.    This Court Lacks Jurisdiction Over Plaintiff's Claims.**

As more fully set forth in the United States' Motion to Dismiss and Reply in Support, the United States is immune from suit unless Congress has expressly permitted a suit against the government. *United States v. Dalm*, 494 U.S. 596, 608 (1990); (*see also* Dkt. Nos. 5 & 14). The burden rests on Plaintiff to establish jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Plaintiff has failed to do so. (*See* Dkt. Nos. 5 & 14).

The only two possible waivers for Plaintiff's claim for intentional infliction of emotional distress and damages are the Federal Tort Claims Act ("FTCA") and Section 7433. *See* 26 U.S.C. § 7433; 28 U.S.C. §§ 1346(b)(1), 2671- 80; *see also Lichtman v. United States*, No. CIV.A. 07-10, 2007 WL 2119221, at *4 (E.D. Pa. June 8, 2007), *aff'd* 316 F. App'x 116 (3d Cir. 2008) (holding that the FTCA is "the exclusive remedy for tort claims against the United States arising from negligent or wrongful acts of government employees acting within the scope of their employment"). However, Plaintiff has failed to demonstrate that there has been a waiver of sovereign immunity under either of the two statutes. Consequently, this Court lacks jurisdiction to even hear Plaintiff's claim for intentional infliction of emotional distress and damages in the first place.

Further, Plaintiff cannot circumvent the doctrine of sovereign immunity by naming the "Commissioner Department of the Treasury Internal Revenue Service" and an IRS employee as defendants where there is no indication that the defendants are being sued in anything other than their official capacity. *See Schiff v. Balas*, No. CIV. A. 90-2007, 1991 WL 330204, at *1 (W.D. Pa. Oct. 2, 1991), *aff'd,* 961 F.2d 1568 (3d Cir. 1992) ("When an action is one against named individual defendants, but the acts complained of consist of actions taken by defendants in their official capacity as agents of the United States, the action is in fact one against the United States."). It appears that all claims in Plaintiff's Complaint arose from the IRS attempting to collect income taxes. However, absent an express waiver, IRS employees may not be sued in an official capacity because they are shielded from suit by sovereign immunity. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *Beneficial Consumer Disc. Co. v. Poltonowicz*, 47 F.3d 91, 94 (3d Cir. 1995); *see also* (Dkt. Nos. 5 & 14), for a complete analysis of why the United States is the only proper party to this action. Thus, when a plaintiff alleges acts taken by federal employee acting

in the scope of his employment, the claims are in fact against the United States. *Schiff*, 1991 WL 330204, at *2; *see also Atkinson v. O'Neill*, 867 F.2d 589, 590 (10th Cir. 1989) ("When an action is one against named individual defendants, but the acts complained of consist of actions taken by defendants in their official capacity as agents of the United States, the action is in fact one against the United States."). Consequently, this Court lacks jurisdiction over the named defendants and this suit should be dismissed without ever reaching the merits of Plaintiff's claims.

**II.     Plaintiff Has Failed to Demonstrate that there is No Genuine Dispute as to Any Material Fact and that he is Entitled to Judgment as a Matter of Law.**

A motion for summary judgment should be granted only if the evidence submitted to the Court demonstrates that there is no genuine dispute as to any material fact, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party has the burden of demonstrating the absence of genuine disputes over facts that might affect the outcome of the action. *Celotex*, 477 U.S. at 323; *see also Anderson*, 477 U.S. at 248. If the moving party fails to demonstrate that "under the governing law, there can be but one reasonable conclusion as to the verdict," summary judgment should be denied. *Anderson*, 477 U.S. at 248.

In this case, the only possible statutes under which Plaintiff could maintain this action are the FTCA and Section 7433. *See* 26 U.S.C. § 7433; 28 U.S.C. §§ 1346(b)(1), 2671- 80. The Missouri case law to which Plaintiff cites, *Hyatt v. Trans World Airlines, Inc.*, 943 S.W. 2d 292, 297 (Mo. Ct. App. 1997), is irrelevant to the Plaintiff's claims against the United States because it does not provide a cause of action against the United States. *See generally Hyatt,* 943 S.W. at 292 (holding that where a child's mother and grandfather sued airlines, the city, police officers,

4

and other parties for various torts for failing to comply with an "Unaccompanied Minor Child Care Service Request" form, the plaintiff failed to establish the requisite elements for intentional infliction of emotional distress under Missouri law). Therefore, the only facts that are material are facts that demonstrate that the United States is liable under either the FTCPA or Section 7433. *See Anderson*, 477 U.S. at 248 ("the substantive law will identify which facts are material . . . . Factual disputes that are irrelevant or unnecessary will not be counted.").

Plaintiff has failed to demonstrate that there is no genuine dispute as to any fact that would demonstrate the United States is liable under either the FTCA or Section 7433. Rather, Plaintiff attempts to use his Motion for Partial Summary Judgment as a vehicle to shift the focus away from the merits of the case and towards irrelevant "facts" and false allegations of misconduct. As is briefly explained below, all of the allegations against are completely irrelevant when considering whether Plaintiff suffered any harm in this case. Consequently, Plaintiff failed to demonstrate in any way that there is no dispute as to any material fact and that he is entitled to judgment as a matter of law.

  **A. Government Attorneys May Practice in the U.S. District Court for the Eastern District of Pennsylvania.**

Plaintiff alleges that the undersigned attorney is not licensed to practice in the Eastern District of Pennsylvania. (Pl.'s Mem. Supp. Mot. Partial Summ. J. 3-4, ¶¶ 13-14). As Plaintiff has pointed out, the undersigned counsel is a member of the District of Columbia Bar and represents the United States of America. (*See* Pl.'s Mem. Supp. Mot. Partial Summ. J. 2, ¶ 8). Consequently, the undersigned counsel may practice in this Court and this is in by no way evidence that Plaintiff is entitled to judgment as a matter of law. *See* L.R. 83.5(e) (providing that an attorney acting on behalf of the United States Government may practice in the Eastern District of Pennsylvania).

      **B.**      **The undersigned counsel has not acted improperly in using a different address in her signature block than the one listed on the District of Columbia Bar's website.**

Plaintiff next asserts that the address the undersigned counsel used to register with the District of Columbia Bar does not match the address on the signature page of the Motion to Dismiss and Brief in Support. (Pl.'s Mem. Supp. Mot. Partial Summ. J. 4, ¶ 15). The address listed on the District of Columbia Bar's website is the address of the undersigned counsel's physical place of employment and the address used on pleadings is a P.O. Box where documents can be mailed to Civil Trial Section, Eastern Region of the Department of Justice, Tax Division. Neither address is incorrect and there is no reason that the undersigned cannot choose to use one rather than the other in signing pleadings. This allegation is completely irrelevant as it is unclear how Plaintiff can be entitled to damages merely because the undersigned used two different, but correct addresses in two different places.

      **C.**      **The Filing of the Motion to Dismiss was deemed an entry of appearance**.

Plaintiff notes that the undersigned counsel did not file an entry of appearance. (Pl.'s Mem. Supp. Mot. Partial Summ. J. 3, ¶ 9). However, "[t]he filing of a pleading, motion, or stipulation shall be deemed an entry of appearance." L.R. 5.1(a). Again, this claim against the undersigned counsel is without merit and is completely irrelevant to the case at hand. It is unclear how Plaintiff can claim that he is entitled to judgment as a matter of law because the undersigned counsel merely complied with this Court's rules and procedures.

      **D.**      **The undersigned counsel represents the United States, the only proper party to this action.**

Plaintiff next asserts that the undersigned counsel possibly committed fraud on this Court by filing the Motion to Dismiss without knowing the identity of the named Defendant "John Doe." (Pl.'s Mem. Supp. Mot. Partial Summ. J. 4, ¶ 15). This allegation seems to stem from the

Plaintiff's mistaken belief that the undersigned counsel represents the "United States, the United States of American [sic] and John Doe." *Id.*

To be clear, the undersigned counsel represents the United States and filed the Motion to Dismiss on behalf of the United States, as the real party in interest.[1]  Because there is no indication that the IRS employee is being sued in anything other than an official capacity, this case can be construed as one against the United States.  *See Atkinson*, 867 F.2d at 590.  Consequently, the identity of the IRS employee was irrelevant to the extent that Plaintiff was naming the employee in an official capacity because that employee was not a proper party to the suit in the first place.

### E. ECF Filing Users may use electronic signatures.

Plaintiff alleges that the undersigned counsel violated the local rules and Fed. R. Civ. P. 11 by using a digital signature rather than a handwritten signature.  (Pl.'s Mem. Supp. Mot. Partial Summ. J. 4, ¶ 16).  However, because the undersigned counsel is an ECF filing User, her ECF log-in and password serve as her signature.  *See* L.R. 5.1.2(9)(a) (providing that ECF filing User's log-in and password serve as that user's signature for any documents filed with the Court under Fed. R. Civ. P. 11).  Again, it is unclear how this claim demonstrates that Plaintiff is entitled to judgment as a matter of law simply because the undersigned counsel complied with this Court's rules.

Consequently, because all of the allegations in Plaintiff's Motion for Partial Summary Judgment are irrelevant and without merit, they do not tend to demonstrate that Plaintiff has

---

[1] The undersigned counsel does not represent the IRS employee in a personal capacity.  Where federal employees are named as defendants in their personal capacities with respect to the performance of their duties, such individuals are entitled to personal capacity representation.  *See* 28 C.F.R. § 50.15.

7

suffered any harm. These allegations in no way tend to demonstrate that Plaintiff is entitled to relief under the FTCA or Section 7433. Consequently, the allegations are completely immaterial and Plaintiff has failed to demonstrate that there is no genuine dispute as to any material fact. Plaintiff is not entitled to judgment as a matter of law and his Motion for Partial Summary should be denied.

## CONCLUSION

This Court lacks jurisdiction over Plaintiff's claims in this case. Even if this Court had jurisdiction, Plaintiff's Motion for Partial Summary Judgment must be denied for failing to demonstrate that there is no genuine dispute as to any material fact and that he is entitled to judgment as a matter of law.

Date: May 4, 2018

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

*s/ Catriona M. Coppler*
CATRIONA M. COPPLER
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C. 20044
202-514-5153 (v)
202-514-6866 (f)
Catriona.M.Coppler@usdoj.gov