IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD T. KENNEDY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>COMMISSIONER DEPARTMENT OF )<br>THE TREASURY INTERNAL REVENUE )<br>SERVICE, *et al.*, )<br>)<br>Defendants. )<br>_____) | Case No. 5:18-cv-00257-JFL |

## UNITED STATES' RESPONSES AND OBJECTIONS
## TO PLAINTIFF'S STATEMENT OF FACTS

The United States objects to Plaintiff Edward T. Kennedy's statement of facts filed in his Motion for Partial Summary Judgment. Plaintiff asserted a number of allegations that are unsupported by the record and completely irrelevant to the case at hand.

The United States asserts a general objection to all statements of "fact" included in Plaintiff's Motion for Partial Summary Judgment. The Court required that Plaintiff, "include only those facts that are material to the issues in dispute . . . [and] accompany each factual assertion with a citation to the specific portion(s) of the record that support the assertion, including the exhibit, page, and line numbers." The Honorable Joseph F. Leeson Jr.'s Policies and Procedures, Section II(F)(8), Motions for Summary Judgment – Required Statement of Undisputed Material Facts. Plaintiff included many immaterial facts that were in no way related to the issues in dispute. Further, Plaintiff failed to cite to the specific portion of the record that supports the assertion. In fact, in many instances, Plaintiff failed to cite to any admissible evidence at all. The Court is clear that it "will not consider a factual assertion that is not

supported by a citation to the record." The Honorable Joseph F. Leeson Jr.'s Policies and Procedures, Section II(F)(8), Motions for Summary Judgment – Required Statement of Undisputed Material Facts. The United States respectfully requests that the Court strike or otherwise disregard the objectionable portions of Plaintiff's statement of facts and attachments.

The United States further responds to Plaintiff's statement of facts as follows:

5. Prima facie evidence presented here are uncontroverted facts that entitle plaintiff to judgment as a matter of law.

**OBJECTION.** The United States objects to this statement as it is a bare, conclusory allegation that is not supported by any facts.

6. United States District Court Eastern District of Pennsylvania Allentown Division is not the United States Tax Court.

**OBJECTION.** The United States objects to this statement as it is wholly irrelevant to Plaintiff's claims in this case.[1]

7. Plaintiff's claim for intentional infliction of emotional distress is a tort, and not tax law, and that Defendant's outrageous behavior is the cause of severe emotional stress, and that this severe stress affected Plaintiff's ability to function as a priest and tax accountant.

**OBJECTION.** The United States objects to this statement as it is a bare, conclusory allegation that is not supported by any facts.

---

[1] In determining a motion for summary judgment, the Court cannot consider facts or materials that would not be admissible at trial. *Bristol v. Settle*, 457 Fed. App'x 202 (3d Cir. 2012). Irrelevant evidence is not admissible for any purpose. *United States v. Moore*, 375 F.3d 259, 263-64 (3d Cir. 2004) (citing Fed. R. Evid. 402). Under Fed. R. Evid. 401, evidence is relevant for the purposes of summary judgment only if it has any tendency to make the existence of any fact that is of consequence more probable or less probable than it would be without the evidence. *McKoy v. North Carolina*, 494 U.S. 433, 440 (1990).

8.  The District of Columbia BAR ("DC Bar') website, state the following about Attorney Catriona M. Coppler

  a. Catriona M Coppler
  b. 555 4th ST NW
  c. Washington DC 20001-2733
  d. United States
  e. Phone: (202) 514-5153
  f. Membership Type: ACTIVE ATTORNEY New Admit
  g. Membership Status: New Admit
  h. Date of Admission: 12/04/2017

**OBJECTION.** The United States objects to this statement as it is wholly irrelevant to Plaintiff's claims in this case.

9.  On April 6, 208, Catriona M. Coppler, hereinafter "Coppler" filed documents into the United States District Court Eastern District of Pennsylvania and states under oath that she is a Trial Attorney, Tax Division, U.S. Department of Justice, PO Box 227, Washington, DC 20044.  Coppler did not file an entry of appearance.  Additionally, Defendant John Doe, now identified as R.B. Simmons by the Plaintiff, is not yet served by the US Marshall.

**OBJECTION.** The United States objects to this statement as it is wholly irrelevant to Plaintiff's claims in this case.

10.  Coppler took an oath with the DC Bar to tell the truth, and not to lie, and not to mislead, misconstrue, misrepresent and/or put false information into courts of law and in the public record under oath.

**OBJECTION.** The United States objects to this statement as it is wholly irrelevant to Plaintiff's claims in this case.

11.  Under oath, in order to be employed by the U.S. Department of Justice, Coppler agreed to tell the truth, and not to lie, and not to mislead, misconstrue, misrepresent and/or put false information into courts of law and in the public record under oath.

**OBJECTION.** The United States objects to this statement as it is wholly irrelevant to Plaintiff's claims in this case.

12. Coppler took an oath with the DC BAR to tell the truth and that and that she is familiar with the current version of the federal rules of civil procedure, the federal Rules of Evidence, the local rules of this court, the rules of professional conduct is adopted by the District of Columbia Court of Appeals, and the DC BAR voluntary standards for civility and professional conduct adopted by the bar on June 18th, 1966.

**OBJECTION.** The United States objects to this statement as it is wholly irrelevant to Plaintiff's claims in this case.

13. U.S. DISTRICT AND BANKRUPTCY FOR THE DISTRICT OF COLUMBIA ATTORNEY RENEWAL/GOVERNMENT CERTIFICATION FORM is an application to practice law in the Courts of the DC BAR, and is not an application to practice law in the United States District Court for the Eastern District of Pennsylvania.

**OBJECTION.** The United States objects to this statement as it is wholly irrelevant to Plaintiff's claims in this case.

14. Coppler is not registered to practice law in the Commonwealth of Pennsylvania, and is not listed in www.martindale.com.

**OBJECTION.** The United States objects to this statement as it is wholly irrelevant to Plaintiff's claims in this case.

15. Coppler's address registered with the DC BAR does not match her signature page from page 10 of her BRIEF IN SUPPORT OF THE UNITED STATES' MOTION TO DISMISS, filed in this court. Coppler claims to represent the United States, the United States of American and John Doe. Coppler filed her Motion and Brief without knowing the identity of John Doe. (possible fraud on the court)

**OBJECTION.** The United States objects to this statement as it is wholly irrelevant to Plaintiff's claims in this case.

16. Coppler signed both her Motion to Dismiss and Brief on April 6, 2018 with digital signatures and not her handwritten signature. (possible violations of local practice, the rules of this court, local customs of this court, and the Federal Rules of Civil Procedure Rule 11.)

**OBJECTION.** The United States objects to this statement as it is wholly irrelevant to Plaintiff's claims in this case.

17. The evidence is that Coppler lied under oath, violated her oath and presented false information into this Court of Law. These lies are prima facie evidence that supports plaintiffs claims for the tort claim of intentional infliction of emotional distress against the Defendants.

**OBJECTION.** The United States objects to this statement as it is wholly irrelevant to Plaintiff's claims in this case. Furthermore, this statement includes an inaccurate legal conclusion that is not grounded in either law or fact. Plaintiff fails to cite to any law or evidence to support this statement.

18. The tort of intentional infliction of emotional distress has four elements:

*(1) the defendant must act intentionally or recklessly;*

*(2) the defendant's conduct must be extreme and outrageous; and*

*(3) the conduct must be the cause*

*(4) of severe emotional distress.*

**OBJECTION.** The United States objects to this statement because Plaintiff cites to a case from the Missouri Court of Appeals in support of this proposition and as such it is irrelevant to this action.

6

Furthermore, the United States also avers that the Court lacks jurisdiction over this claim as Plaintiff has failed to demonstrate that there has been a waiver of sovereign immunity for this cause of action that would allow him to sue the United States.