

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
Allentown Division



EDWARD T. KENNEDY,

Plaintiff,

-v-

Case No. 5: 18-CV-00257-JFL
Hearing requested

COMMISSIONER DEPARTMENT OF
THE TREASURY INTERNAL REVENUE
SERVICE, et. al.

Defendants.

FILED

MAY 18 2018

KATE BARKMAN, Clerk
By_____ ᵥ Ặₗ __Dep. Clerk

## PLAINTIFF'S MOTION FOR SUMMARY JUDGEMENT
## WITH LAWFUL MONEY

1.    Plaintiff moves for an order granting Plaintiff's Motion for Summary

Judgement with Lawful Money[1] against Defendants Commissioner Department of

the Treasury Internal Revenue Service, now known to be David J. Kautter, and

John Doe, now known to be R.D. Simmons.

2    Motion for Summary Judgment with Lawful Money Lawful Money is

proper in this case because there is no genuine issue of material fact because

Plaintiff is entitled to granting his motion as a matter of law. [2]

---

[1] Plaintiff's right to lawful money is found at Title 12 Section 411 [United States Code] and Section 16 of the
Federal Reserve Act.

[2] Title 12 Section 411 [United States Code] and Section 16 of the Federal Reserve Act.

WHEREFORE, Plaintiff requests the court grant the order for Plaintiff's

Motion for Summary Judgment to pay Plaintiff $250,000.00 in Lawful Money, and

to refund all Plaintiff's tax refunds nunc pro tune in lawful money.

Date: May 16, 2018.

Respectfully submitted,

Edward T. Kennedy
401 Tillage Road ·
Breinigsville, Pennsylvania 18031
Email: pillar.of.peace.2012@gmail.com
Email: kennedy2018@alumni.nd.edu
Telephone: 415-275-1244
Fax: 570-609-1810

-2-

## CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2018 that I filed a copy of the foregoing

Plaintiff's Motion for Summary Judgement with Lawful Money and Plaintiff's

Memorandum in Support of Motion for Summary Judgement with Lawful Money by

USPS regular mail at the office of the Clerk of Court at United States District Court

for the Eastern District of Pennsylvania Allentown Division location, and served by

fax number 202-514-6866 to the following Attorney:

Catriona M. Coppler
Tax Attorney, Tax Division
US Department of Justice
Post Office Box 227
Washington DC 20044 [3]

FILED

MAY 18 2018

KATE BARKMAN, Clerk
By_____Dep. Clerk

Edward T. Kennedy
Plaintiff, on his own behalf.

[3] Attorney's address differs from her address advertised with the DC Bar Association. Attorney fails to disclose her DC Bar number.

-3-

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
Allentown Division

EDWARD T. KENNEDY,
      Plaintiff,

                                   Case No. 5: 18-cv-00257-JFL
      -v-                            Hearing requested.

COMMISSIONER DEPARTMENT OF
THE TREASURY INTERNAL REVENUE
SERVICE, et. al.,
      Defendants.

**FILED**

**MAY 18 2018**

KATE BARKMAN, Clerk
By_____Dep. Clerk

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF
## MOTION FOR SUMMARY JUDGEMENT WITH LAWFUL MONEY
## (Hearing requested)

Plaintiff requests a Hearing on this Motion, and asks the court to GRANT Plaintiff's

Motion for Summary Judgement with Lawful Money and order defendants to pay plaintiff

lawful money, nunc pro tunc, as authorized by Title 12 Section 411 [United States Code] and

Section 16 of the Federal Reserve Act. Plaintiff requests a Hearing in Court.

A. Introduction

1.     Plaintiff is Edward T. Kennedy; defendants are Commissioner Department of the

Treasury Internal Revenue Service, now known to be David J. Kautter [1] and John Doe, now

known to the plaintiff as R.B. Simmons.

2.     Plaintiff sued defendants for the tort of intentional infliction of emotional distress,

and injuries and damages for harm to his ability to earn a living as a priest and as a tax

accountant.

---

[1] https://www.irs.gov/newsroom/commissioner-david-j-kautter-acting

-1-

3.      Attorney Coppler, Counsel for the defendants repeatedly filed documents that violated Local Rule 9(a), [2] a possible obstruction of justice.

4.      Plaintiff files this Motion for Summary Judgement with Lawful Money on his claim for the tort of intentional infliction of emotional distress and injuries, damages for harm to his ability to earn a living as a priest and as a tax accountant, and for all his tax refunds from the defendants since 1971.

5.      This Motion should be granted in this case because the evidence establishes all elements of plaintiff's claim as a matter of law, and due to to the fact that counsel for the defendants refused to comply with local rule 9(a), and refused to verify any debt the plaintiff owes to the defendant's employer, and it is Plaintiff's right to demand lawful money at any time, and it is nobody else's legal determination.

B. Statement of Facts

6.      Prima facie evidence presented here are nncontroverted facts that entitle plaintiff to judgment as a matter of law.

7.      The defendants work for the Internal Revenue Service, a collection agency that is not licensed to be a debt collector in the Commonwealth of Pennsylvania.

8.      Both defendants are required to follow 15 U.S.C. § 1692(a), (1978), the Fair

---

[2] Signature (a) The user login and password required to submit documents to the ECF System serve as the ECF Filing User's signature on all electronic documents filed with the court. They also serve as a signature for purposes of Rule 11(a) of the Federal Rules of Civil Procedure, the Local Rules of this court, and any other purpose for which a signature is required in connection with proceedings before the court. Each document filed electronically must, if possible, indicate that it has been electronically filed. Electronically filed documents must include a signature block and must set forth the name, address, telephone number and the attorney's state bar identification number, if applicable. In addition, the name of the ECF Filing User under whose log-in and password the document is submitted must be preceded by an "s/" and typed in the space where the signature would otherwise appear.

-2-

Debt Collection Practices Act (FDCPA), U.S.C. § 1692 et seq. Title 26 is not relevant to this case of this Court despite the personal, legal opinions of the Attorney representing the defendants.

9.    Defendants work for a debt collection service. Debt collection is covered under Title 15 chapter 4 subchapter V section 1692, and not Title 26 of the U.S. Code.

10.    United States District Court Eastern District of Pennsylvania Allentown Division is not the United States Tax Court. Attorney Coppler is confused. [3]

11.    Plaintiff's claim for intentional infliction of emotional distress is a tort, and defendant's continued outrageous behavior is the cause of severe emotional stress.

12.    Plaintiff's have no license to be debt collectors in the Commonwealth of Pennsylvania, yet defendants now continue to steal funds from the plaintiffs' US Treasury account.

13.    This severe stress affected plaintiff's ability to function as a priest, a Papal Knight and tax accountant.

14.    Elements of intentional infliction of emotional distress as a tort is as follows:

> *(1) the defendant must act intentionally or recklessly;*
> *(2) the defendant's conduct must be extreme and outrageous; and*
> *(3) the conduct must be the cause*
> *(4) of severe emotional distress.* [4]

15.    Defendants continue to steal funds from the Plaintiff's account at the US

---

[3] It appears Attorney Coppler is not admitted to practice in this Court of Law.

[4] See Hyatt, 943 S.W.2d at 297.

Treasury, with no foundation of law and no evidence of any debt owed to the employer of the defendants or the US Treasury.

16.     The Judiciary Act of 1789 states "…saving to suitors in all cases the right of a common-law remedy, where the common law is competent to give it."

17.     This saving to suitors clause of 1789 also allows for the exclusive original cognizance by Congress and by the United States Government of all seizures on land. i.e. "reprisal."

18.     Congress was required to write the remedy from elastic currency into Section 16 of the Federal Reserve Act, which reads: "They [Federal Reserve Notes] shall be redeemed in gold on demand at the Treasury Department of the United States, or in gold or lawful money at any Federal Reserve bank." [5]

## C. Argument

19.     This Motion for Lawful Money is proper in a case where there is no genuine issue of material fact. [6]

20.     Plaintiff has the right to demand and redeem lawful money. [7]

21.     If Plaintiff had known in good faith he could have been redeeming lawful money all along and from the beginning, he would have done so since his first paycheck in 1971.

---

[5] Defendants are employed by DEPARTMENT OF THE TREASURY INTERNAL REVENUE SERVICE.
[6] See Fed. R. Civ. P. 56(c); Scott v. Harris, U.S, 127 S. Ct. 1769,1776 (2007);
Celotex Corp. v. Catrett, 411 U.S. 317, 322,106 S. Ct. 2548, 2552 (1986).
[7] Plaintiff's right to lawful money is found at Title 12 Section 411 [United States Code] and Section 16 of the Federal Reserve Act.

22.     Defendants have been unlawfully using the interest on Plaintiff's funds during the time before Plaintiff got his refunds from the defendants.

23.     It is Plaintiff's right to demand lawful money, and it is nobody else's legal determination.

24.     Plaintiff may demand lawful money at any time from the Defendants. [8]

25.     Plaintiff hereby demands lawful money from the Defendants Nunc pro tunc.

26.     It is not for the defendants or this Court to decide what is lawful money. Only Congress, and not the Defendants can decide what's lawful money.

27.     Because there are no genuine issues of material fact on any element of intentional infliction of emotional distress, plaintiff is entitled to an order granting this motion for lawful money as a matter of law.

D. Summary-Judgment Evidence

28.     In support of his motion, plaintiff notices the court of Section 16 of the Federal Reserve Act of 1913 was codified into Title 12, Section 411, and is hereby incorporated by reference into the motion.

Date: May 16, 2018

Respectfully submitted,

Edward T. Kennedy
401 Tillage Road
Breinigsville, Pennsylvania 18031

---

[8] [Address Before the Governor's Conference at the White House, March 6, 1933; The Public Papers and Addresses of Franklin D. Roosevelt, 1928-1932]
Link here: http://www.presidency.ucsb.edu/ws/index.php?pid=14617

-5-

Email: pillar.of.peace.2012@gmail.com
Email: kennedy2018@alumni.nd.edu
Telephone: 415-275-1244.
Fax: 570-609-1810.

## CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2018, I filed the foregoing Plaintiff's

Memorandum in Support of Motion for lawful Money and Motion for lawful Money

by USPS regular mail to the Clerk of Court at Allentown Division and served by fax

number to 202-514-6866 on the following Tax Attorney:

FILED
MAY 18 2018
KATE BARKMAN, Clerk
By_____ Dep. Clerk

Catriona M. Coppler
Tax Attorney, Tax Division
US Department of Justice
Post Office Box 227
Washington DC 20044

Edward T. Kennedy
Plaintiff, on his own behalf.

-7-