IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD T. KENNEDY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 5:18-cv-00257-JFL ) |
| COMMISSIONER DEPARTMENT OF THE TREASURY INTERNAL REVENUE SERVICE, *et al.*, | ) ) ) ) ) |
| Defendants. | ) ) |

**UNITED STATES' MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT,
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT 3,
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT WITH LAWFUL MONEY,
AND PLAINTIFF'S MOTION TO ORDER DEFENDANTS TO CEASE AND DESIST**

Plaintiff has filed two Motions for Summary Judgment in addition to the previously filed Motion for Partial Summary Judgment that is still currently pending. (Dkt. Nos. 11, 17 and 18).[1] Additionally, Plaintiff has also filed a Motion seeking an order (1) prohibiting the Internal Revenue Service ("IRS") from collecting "fake debt," (2) reducing Plaintiff's tax liabilities to zero, and (3) returning "stolen funds." (Pl.'s Mot. Order Cease & Desist 1).[2] All of these Motions are without merit and should be denied.

---

[1] Plaintiff additionally faxed an additional Motion for Summary dated May 14, 2018, to the undersigned counsel, but it does not appear this Motion has actually been filed. Nonetheless, all arguments made in that Motion are similar to Plaintiff's Motion for Summary Judgment 3 and are completely without merit.

[2] Even though it is not clear on its face, presumably Plaintiff intends this Motion to be yet another motion for summary judgment. (*See* Pl.'s Mem. Supp. Mot. Order Cease & Desist 4, ¶ 17) (stating that "there are no genuine disputes of material fact on any element" and that Plaintiff is entitled to judgment as a matter of law).

**BACKGROUND**

The United States filed a Motion to Dismiss for Lack of Jurisdiction and Failure to State a Claim on April 6, 2008, and a Reply in Support on April 26, 2018. (Dkt. Nos. 5 and 14). The grounds for this Motion are that (1) the United States is the only proper party to the action; (2) this Court lacks subject matter jurisdiction where Plaintiff failed to allege a waiver of sovereign immunity and the Anti-Injunction Act, 26 U.S.C. § 7421(a), bars the injunctive relief requested; and (3) Plaintiff fails to allege a plausible claim for damages. (Dkt. No. 5). This Motion to Dismiss is currently pending.

**QUESTIONS PRESENTED**

1.   Whether Plaintiff is entitled to summary judgment in the absence of subject matter jurisdiction for this action?

2.   Whether Plaintiff is entitled to summary judgment where he fails to establish the absence of any genuine issue of material fact, or his entitlement to judgment as a matter of law?

**SUMMARY OF THE ARGUMENT**

Plaintiff has failed to allege any waiver of sovereign immunity that would give this Court jurisdiction over his claims. Therefore, all motions for summary judgment should be denied and this case should be dismissed with prejudice.

Even if the Court could reach the merits, Plaintiff's Motions for Summary Judgment should be denied because Plaintiff has failed to establish undisputed facts necessary to support his claims. Further, Plaintiff's claims are based on incorrect legal arguments that fail as a matter of law.

# ARGUMENT

**I.     The Court Lacks Jurisdiction Over Plaintiff's Claims.**

As more fully set forth in the United States' Motion to Dismiss, Reply in Support, and the United States' Response in Opposition to Plaintiff's Motion for Partial Summary Judgment, this Court lacks jurisdiction over Plaintiff's claims for intentional infliction of emotional distress, loss of reputation, and damages because Plaintiff has failed to set forth any waiver of sovereign immunity. (Dkt. Nos. 5, 14, and 16). Plaintiff's Complaint fails to provide any valid waiver of sovereign immunity. While Plaintiff has been creative in citing to various statutes in his subsequent filings, as will be explained below, none provide any causes of action against the United States, let alone provide this Court jurisdiction. Consequently, Plaintiff's motions should be denied.

**A.     The Fair Debt Collection Practices Act does not provide a waiver of sovereign immunity.**

Plaintiff maintains that he is entitled to relief under the Fair Debt Collection Practices Act ("FDCPA"), however the United States has not consented to be sued under the FDCPA and Plaintiff has failed to demonstrate otherwise.[3] Consequently, this Court lacks jurisdiction over all of Plaintiff's FDCPA claims.

---

[3] The United States is the only proper party to this action because there is no indication that the defendants are being sued in anything other than their official capacity. *See Schiff v. Balas*, No. CIV. A. 90-2007, 1991 WL 330204, at *1 (W.D. Pa. Oct. 2, 1991), *aff'd,* 961 F.2d 1568 (3d Cir. 1992) ("When an action is one against named individual defendants, but the acts complained of consist of actions taken by defendants in their official capacity as agents of the United States, the action is in fact one against the United States.").

**B.     The Federal Reserve Act is irrelevant to Plaintiff's claims.**

Plaintiff puzzlingly now claims that he is entitled to relief under the Federal Reserve Act, 12 U.S.C § 411.[4]  (Pl.'s Mem. Supp. Mot. Summ. J. Lawful Money ¶¶ 5, 20, 21, 23-26). Specifically, Plaintiff submits that he has the "right to demand and redeem lawful money and "it is nobody else's legal determination . . . [more specifically,] "[i]t is not for the defendants or this Court to decide what is lawful money.  Only Congress, and not the Defendants can decide what's lawful money." (*Id.* at ¶¶ 5, 20, 23, 25, 26).

Section 411 is completely irrelevant for two reasons.  First, Section 411 concerns the issuance of federal reserve notes to federal reserve banks.  Specifically, Section 411 provides:

> *Federal reserve notes, to be issued* at the discretion of the Board of Governors of the Federal Reserve System *for the purpose of making advances to Federal reserve banks through the Federal reserve agents* as hereinafter set forth ***and for no other purpose,*** *are authorized*.  The said notes shall be obligations of the United States and shall be receivable by all national and member banks and Federal reserve banks and for all taxes, customs, and other public dues. They shall be redeemed in lawful money on demand at the Treasury Department of the United States, in the city of Washington, District of Columbia, or at any Federal Reserve bank.

12 U.S.C. § 411 (emphasis added).  Section 411 in no way provides that Plaintiff, or any other person for that matter, can just demand money from the Treasury Department at any time for any reason.

Second, Section 411 does not provide a private cause of action, let alone a waiver of sovereign immunity. *Villaplana v. Randazzo*, No. CV 16-8767, 2017 WL 5473453, at *2 (D.N.J. Nov. 14, 2017).  Thus, there is no basis for Plaintiff to claim the United States has consented to suit under Section 411.  Even if Plaintiff could find such a waiver, Section 411 would not provide him the relief he seeks.  *See Steven v. Mnuchin*, No. 17-MC-0061 (JRT/DTS), 2017 WL

---

[4] Plaintiff apparently attempts to add this claim despite the fact that his Complaint made no mention of it and he has made no attempt to amend his Complaint to contain such a claim.

4

8944030, at *1 (D. Minn. Dec. 8, 2017), *report and recommendation adopted*, No. CV17MC61JRTDTS, 2018 WL 582477 (D. Minn. Jan. 29, 2018) (holding that there was "no legal basis upon which [the] action [could] be maintained" where petitioner sought to withdraw funds from the federal treasury pursuant to 12 U.S.C. §411 and use those funds to satisfy his federal tax liabilities).

### C. The "Savings to Suitors" clause of the Judiciary Act does not provide jurisdiction.

Plaintiff also interestingly enough also cites to the "savings to suitors" clause of the Judiciary Act, 28 U.S.C. § 1333, presumably to demonstrate that this Court has jurisdiction over his claims. (Pl.'s Mem. Supp. Mot. Summ. J. Lawful Money 4, ¶¶ 16-17). However, the "savings to suitors" clause provides that: "[t]he district courts shall have original jurisdiction, exclusive of the courts of the States, of: (1) Any civil case of *admiralty or maritime jurisdiction*, saving to suitors in all cases all other remedies to which they are otherwise entitled . . . ." 28 U.S.C. § 1333 (emphasis added). Because this is neither an admiralty nor maritime case, the "savings to suitors" is completely irrelevant to Plaintiff's claims. Consequently, it should be disregarded.

### D. The Anti-Injunction Act bars the injunctive relief requested.

As explained more fully in the United States' Motion to Dismiss, the Anti-Injunction Act provides that, subject to certain exceptions, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." 26 U.S.C. § 7421(a); (*see also* United States' Mem. Supp. Mot. Dismiss 6). The relief Plaintiff seeks, namely an order prohibiting the IRS from collecting Plaintiff's tax liabilities, is exactly the type of relief that is prohibited under the Anti-Injunction Act. As a result, the Court lacks jurisdiction over Plaintiff's claim and this Motion should be denied.

**E.     The Declaratory Judgment Act bars the declaratory relief requested.**

Plaintiff also asks the Court to "net out all accounts to zero tax owed." (Pl.'s Mot. Order Cease & Desist 1). In effect, Plaintiff is asking the Court to declare that he owes no taxes. Such relief is prohibited under the Declaratory Judgment Act. 28 U.S.C. § 2201(a) (permitting declaratory judgment claims "except with respect to Federal taxes"). Consequently, this Court lacks jurisdiction.

**F.     Plaintiff has failed to plead all jurisdictional requirements for bringing a refund suit.**

Finally, Plaintiff seems to for the first time assert a claim for refund. (Pl.'s Mot. Order Cease & Desist 1) (seeking an order requiring Defendants to "return all funds stolen"). While the United States has waived sovereign immunity for refund suit, Plaintiff must first satisfy all jurisdictional requirements. *United States v. Dalm*, 494 U.S. 596, 602 (1990). For example, in order to maintain a refund suit, Plaintiff must fully pay an outstanding tax liability and seek a refund from the IRS before bringing a suit for refund in district court. 26 U.S.C. § 7422; *see also Dalm*, 494 U.S. at 602; *Flora v. United States*, 362 U.S. 145, 177 (1960).

In this case, Plaintiff's Complaint includes no allegations that he (1) paid the outstanding tax liability or (2) sought a refund with the IRS before bringing suit. In fact, nowhere in Plaintiff's Complaint is it apparent that Plaintiff is even seeking a refund. Therefore, Plaintiff has failed to demonstrate that this Court has jurisdiction over Plaintiff's claim for refund.

**II.     Plaintiff Has Failed to Demonstrate that there is No Genuine Dispute as to Any Material Fact and that he is Entitled to Judgment as a Matter of Law.**

Summary judgment is only appropriate where the moving party demonstrates that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Plaintiff's Motions for Summary judgment fails on both elements.

6

First, Plaintiff has failed to support his statement of facts with admissible evidence, which is the only material that can be considered in deciding a motion for summary judgment. *See Bristol v. Settle*, 457 F. App'x 202, 204 (3d Cir. 2012).  Instead, Plaintiff offers incorrect conclusions of law and baseless accusations such as "Defendants have gone gangster" that offer no support for his claims.  (Pl.'s Mem. Supp. Mot. Summ. J. 3 3, ¶16).  Thus, in the absence of evidence supporting Plaintiff's Motions, Plaintiff cannot prevail.

Second, even if Plaintiff can establish the facts he asserts to be undisputed, he still has to demonstrate that his claims are premised on correct legal arguments.  Plaintiff fails to do so. Plaintiff has consistently maintained that his claims for intentional infliction of emotional distress and damages for harm to his ability to earn a living as a priest and tax accountant arise under the FDCPA.  Assuming that Plaintiff could maintain an action under the FDCPA against the United States, Plaintiff would have to demonstrate either that the Internal Revenue Service is a debt collector within the meaning of the FDCPA or that federal taxes are a debt as defined by the FDCPA.  *See* 15 U.S.C. § 1692d ("A ***debtor collector*** may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.") (emphasis added); *see also Zimmerman v. HBO Affiliate Grp.*, 834 F.2d 1163, 1167 (3d Cir. 1987) ("A threshold requirement for application of the FDCPA is that the prohibited practices are used in an attempt to collect a 'debt'.").

Plaintiff has failed to do either.  Rather, Plaintiff makes baseless assertions that the IRS is a debt collector that is required to follow the FDCPA and seems to ask the Court to accept these assertions at face value.  (Pl.'s Mem. Supp. Mot. Summ. J. 3 2, ¶¶ 6, 7, 9; Pl.'s Mem. Supp. Mot. Summ. J. Lawful Money 2-3, ¶¶7, 8, 9, 12).  Plaintiff offers no legal support for these assertions.

In fact, under the plain language of the FDCPA, neither the IRS nor an IRS employee can be considered a "debt collector." 15 U.S.C. § 1692a(6)(C) (providing that "any officer or employee of the United States" is not a "debt collector" for purposes of the FDCPA where that officer or employee is "collecting or attempting to collect any debt . . . in the performance of his official duties"). Further, many courts have held that the IRS is not subject to the FDCPA while attempting to collect a tax. *See, e.g.*, *Smith v. United States*, No. 08-10288, 2008 WL 5069783, at *2 (5th Cir. Dec. 2, 2008) (holding the invocation of the FDCPA in regard to federal tax collection was "entirely without merit" and sanctioning a pro se litigant for a frivolous appeal); *McAfee v. IRS*, No. 117CV01250SCJAJB, 2017 WL 2794242, at *4 (N.D. Ga. May 15, 2017), *report and recommendation adopted*, No. 1:17-cv-1250-SCJ, 2017 WL 2794063 (N.D. Ga. June 1, 2017) (holding that Plaintiff's claim against the IRS under the FDCPA was frivolous because the IRS is not subject to the FDCPA when it is attempting to collect a tax); *Bankston v. IRS*, No. CIV.A. 08-CV-02233, 2008 WL 6461042, at *5 (D. Colo. Oct. 24, 2008), *aff'd*, 357 F. App'x 190 (10th Cir. 2009) ("Federal taxes are not a debt, and the IRS is not a debt collector, therefore the FDCPA does not apply.").

If on the other hand, Plaintiff intends for his claims of intentional infliction of emotional distress and damages for loss of reputation to be stand alone tort claims, he would have to demonstrate that he is entitled to relief under the Federal Tort Claims Act ("FTCA"). (*See* Pl.'s Mem. Supp. Mot. Summ. J. 3 3, ¶ 11) ("Plaintiff's claim for intentional infliction of emotional distress is a tort . . . ."); *see also* 28 U.S.C. § 2671, *et seq*. The FTCA is "the exclusive remedy for tort claims against the United States arising from negligent or wrongful acts of government employees acting within the scope of their employment." *Lichtman v. United States*, No. CIV.A. 07-10, 2007 WL 2119221, at *4 (E.D. Pa. June 8, 2007), *aff'd*, 316 F. App'x 116 (3d Cir. 2008);

*see also* 28 U.S.C. § 2679. However, Section 2680 explicitly provides that the FTCA does not apply to "[a]ny claims arising in respect of the assessment or collection of any tax." 28 U.S.C. § 2680(c).

Thus, in order for Plaintiff to maintain a tort claim,[5] he would have to demonstrate that his claims do not arise in relation to the assessment or collection of tax. Plaintiff has failed to do so. Rather, Plaintiff's claims seem to be directly related to the IRS's attempts to collect taxes. (*See, e.g.*, Pl.'s Mem. Supp. Mot. Summ. J. 3 3, ¶¶ 15; Pl.'s Mem. Supp. Mot. Summ. J. Lawful Money 3, ¶ 15) ("Defendants continue to steal funds . . . ."). Consequently, because Plaintiff has failed to overcome this initial burden of demonstrating that the exception does not apply, he is not entitled to judgment as a matter of law.

Plaintiff has failed to demonstrate that there is no genuine dispute as to any material fact and that he is entitled to judgment as a matter of law. As a result, Plaintiff's Motions for Summary Judgment should be denied.

//

//

//

---

[5] This is not to say that the Court has jurisdiction over Plaintiff's tort claim. According to the clear language of the FTCA, the filing of a proper administrative claim is jurisdictional and is an absolute, non-waivable perquisite to bringing suit. *Bialowas v. United States*, 443 F.2d 1047, 1049 (3d Cir. 1971). Plaintiff has failed to allege that he made such an administrative claim.

## CONCLUSION

Plaintiff's filings are frivolous and should be denied. Furthermore, because this Court lacks subject matter jurisdiction, Plaintiff's Complaint should be dismissed with prejudice.

Date: May 24, 2018

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

*s/ Catriona M. Coppler*
CATRIONA M. COPPLER
(DC Bar # 241446)
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C. 20044
202-514-5153 (v)
202-514-6866 (f)
Catriona.M.Coppler@usdoj.gov