IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD T. KENNEDY, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 5:18-cv-00257-JFL |
| COMMISSIONER DEPARTMENT OF THE TREASURY INTERNAL REVENUE SERVICE, *et al.*, | ) |
| Defendants. | ) |

**UNITED STATES' RESPONSE IN OPPOSITION TO PLAINTIFF'S NOTICE AND OBJECTIONS AND EMERGENCY MOTION FOR SUMMARY JUDGMENT 4**

The United States of America, as the real party in interest and in place of all the named defendants, submits this response in opposition to Plaintiff Edward T. Kennedy's Notice and Objections and Emergency Motion for Summary Judgment 4. (Dkt. Nos. 22 and 23). This is Plaintiff's sixth motion for summary judgment. (*See* Dkt. Nos. 11, 17, 18, and 19).[1] This Motion and Notice, like all of Plaintiff's previous filings, are unsupported and frivolous. Furthermore, these current filings contain tax defier claims that should be summarily denied. As such these Motions, like all of Plaintiff's previous motions for summary judgment, should be denied.

## BACKGROUND

The United States of America, as the real party in interest and in place of the named defendants, filed a Motion to Dismiss for lack of Jurisdiction and Failure to State a Claim on

---

[1] Plaintiff faxed an additional Motion for Summary Judgment dated May 14, 2018, to the undersigned counsel, but it does not appear that it was ever actually filed.

April 6, 2018. (Dkt. No. 5). This Motion is still outstanding. Nonetheless, Plaintiff has filed multiple motions for summary judgment in which he not only repeats the same arguments, but also continues to create unsupported and even more outlandish arguments. (*See* Dkt. Nos. 11, 17, 18, and 19). Yet Plaintiff has continually failed to point to any valid waiver of sovereign immunity or affirmative grant of jurisdiction that would give this Court jurisdiction in the first place.

In the current filings, Plaintiff makes four principal arguments. First, Plaintiff argues that the Internal Revenue Code is not law, but rather is a contract between the Internal Revenue Service ("IRS") and individuals. (Pl.'s Notice & Obj. 2, ¶¶ 5, 6, and 8; Pl.'s Mem. Supp. Mot. Summ. J. 4, 2-3, ¶¶ 7, 8, and 15). Second, Plaintiff contends that the IRS is not a licensed debt collector in the Commonwealth of Pennsylvania. (Pl.'s Mem. Supp. Mot. Summ. J. 4, 2-3, ¶¶ 6, 9, and 12). Third, Plaintiff argues that the IRS is stealing his funds "with no foundation of law and no evidence of any contract or any debt owed." (*Id.* at 3, ¶¶ 12, 15, and 16). Finally, Plaintiff falsely accuses the undersigned attorney of lying and committing "fraud upon the court." (Pl.'s Notice & Obj. 4, ¶ 11). It is clear that Plaintiff is using the fourth argument as a means to harass the undersigned counsel and as a result, it should be completely disregarded.

## QUESTIONS PRESENTED

1. Whether Plaintiff is entitled to summary judgment in the absence of subject matter jurisdiction for this action?

2. Whether the Court may disregard Plaintiff's tax defier arguments?

3. Whether Plaintiff is entitled to summary judgment where he fails to establish the absence of any genuine issue of material fact, or his entitlement to judgment as a matter of law?

**SUMMARY OF THE ARGUMENT**

Plaintiff has failed to allege any waiver of sovereign immunity that would give this Court jurisdiction over his claims. Therefore, all motions for summary judgment should be denied and this case should be dismissed with prejudice.

Even if the Court could reach the merits, Plaintiff's current motion for summary judgment should be denied because Plaintiff only offers tax defier arguments that are not grounded in fact or in law. As such, Plaintiff's arguments are completely without merit and should be denied.

Further, Plaintiff fails to establish undisputed facts necessary to support his claims. Because Plaintiff's claims are based on meritless tax defier arguments, he has failed to demonstrate that he is entitled to judgment as a matter of law.

**ARGUMENT**

**I.    This Court Lacks Jurisdiction Over Plaintiff's Claims.**

The United States has extensively briefed the issue of subject matter jurisdiction in its Motion to Dismiss and responses in opposition to Plaintiff's many motions for summary judgment. (*See* Dkt. Nos. 5, 14, 16, and 20). Rather than reiterate those arguments here, the United States incorporates by reference the arguments made therein. Because Plaintiff has failed to offer any valid waiver of sovereign immunity that would give this Court jurisdiction, this action should be dismissed.

**II.   Plaintiff's Tax Defier Arguments Should be Summarily Denied.**

The Court has the authority to dispose of common tax defier arguments summarily. *See Crain v. Comm'r*, 737 F.2d 1417 (5th Cir. 1984) ("We perceive no need to refute these [tax defier] arguments with somber reasoning and copious citation of precedent; to do so might

suggest that these arguments have some colorable merit.  The constitutionality of our income tax system – including the role played within that system by the Internal Revenue Service and the Tax Court – has long been established.").  As the Seventh Circuit held, tax defier or "tax protestor" arguments similar to the Plaintiffs, are frivolous "and frivolousness is an independent jurisdictional basis for dismissing a suit."  *Harrell v. United States*, 13 F.3d 232, 235-36 (7th Cir. 1993).   As will be explained below, Plaintiff offers a variety of tax defier arguments that are completely without merit and as such, should be completely disregarded.

>   A. **Title 26 of the United States Code is Law.**

Plaintiff argues that the Internal Revenue Code ("IRC"), codified at Title 26 of the United States Code, defines a contract between the IRS and individuals and is therefore not law.  (Pl.'s Notice & Obj. 2, ¶¶ 5, 6, and 8; Pl.'s Mem. Supp. Mot. Summ. J. 4, 2-3, ¶¶ 7, 8, and 15).  Plaintiff points to Section 7806 and bizarrely enough Section 4161 for the proposition that Title 26 is not law.  (Pl.'s Notice & Obj. 2-3 ¶¶ 9-10).  Neither Section 7806 nor Section 4161 provide any support for Plaintiff's outlandish argument.

As a preliminary matter, the IRC is law and the IRS may collect taxes owed by the Plaintiff.  *See United States v. Sloan*, 939 F.2d 499, 500 (7th Cir. 1991) ("Congress lawfully enacted the Internal Revenue Code and the Internal Revenue Code lawfully imposes a tax on income."); *Ryan v. Bilby,* 764 F.2d 1325, 1328 (9th Cir. 1985) ("Like it or not, the Internal Revenue Code is the law."); *United States v. Koliboski*, 732 F.2d 1328, 1330 (7th Cir. 1984) ("Title 26 thus defines laws of the United States . . . ."); *United States v. McKeown*, No. CIV. N92-119, 1993 WL 117805, at *4 (N.D. Ind. Jan. 26, 1993) ("Any assertion that the Internal Revenue Code is not law is without merit."); *United States v. Wodtke*, 627 F. Supp. 1034, 1041 (N.D. Iowa 1985) ("The Court therefore rejects defendants' contention that Title 26 is not law.").

Section 7806 in no way provides that the IRC is not law; rather it merely explains how the IRC should be construed.  *See* 26 U.S.C. § 7806.  Specifically, Section 7806 provides that cross-references are made only for convenience, and the *cross-references* themselves "shall be given no legal effect."  *Id.* § 7806(a).  Section 7806 further provides that no inferences shall be drawn or made by the location or grouping of any particular section or grouping and that "table of contents, table of cross references, or similar outline, analysis, or descriptive matter" shall not be given any legal effect.  *Id.* § 7806(b).  Contrary to Plaintiff's assertions, Section 7806 in no way establishes that the IRC is not law.  In fact, other courts have summarily denied such arguments.  *See, e.g.*, *McNeil v. C.I.R.*, 101 T.C.M. (CCH) 1718 (T.C. 2011), *aff'd*, 451 F. App'x 662 (8th Cir. 2012) (explaining that petitioner's argument that Section 7806(b) could be construed to mean that tax laws have no legal effect was "patently incorrect . . . [and] garners no legal or logical support" and thereby holding "without further comment that section 7806 does not exempt petitioner from Federal income tax").[2]

Plaintiff draws on IRC Section 4161 to apparently support his interpretation of Section 7806.  (Pl.'s Notice & Obj. 2-3, ¶¶ 7, 10); *see also* 26 U.S.C. § 4161.  As Plaintiff correctly points out, Section 4161 imposes a tax on certain sport fishing equipment and bows and arrows.  *See* 26 U.S.C. § 4161.  Presumably Plaintiff believes Section 7806 is relevant because of his incorrect reading of *Nordby Supply Co v. United States*, 572 F.2d 1377 (9th Cir. 1978).  Plaintiff erroneously states that the court in *Nordby Supply* "applied 26 U.S.C. § 7806(b) to invalidate the lure tax." (Pl.'s Notice & Obj. 2, ¶ 7).  That is incorrect.  In *Nordby Supply*, the Ninth Circuit

---

[2] Plaintiff includes thirteen citations to cases that mention Section 7806.  (Pl.'s Notice & Obj. 3-4).  These cases predominately cite to Section 7806 for the proposition that there is nothing that can be inferred from the grouping of indexing of any section within the IRC.  Not a single one of these cases stand for the proposition that that the IRC is not law.

relied in part on Section 7806(b) as rationale for holding that the application of tax under Section 4161(a) is not limited to sport fishing equipment, but rather includes commercial fishing equipment as well. *Nordby Supply*, 572 F.2d at 1378. The Ninth Circuit in no way used Section 7806 to invalidate any tax. Therefore, Plaintiff's construction of *Nordby* and Section 4161 are completely incorrect and should be disregarded.

      **B.**    **The IRS is an agency of the United States that may collect taxes in the Commonwealth of Pennsylvania.**

Plaintiff next argues that the IRS is not licensed to be a debt collector in the Commonwealth of Pennsylvania and as such cannot collect taxes in the Commonwealth of Pennsylvania. (Pl.'s Mem. Supp. Mot. Summ. J. 4, 2-3, ¶¶ 6, 9, and 12). In effect, what Plaintiff is arguing is that the IRS is not an agency of the federal government, but rather a private sector entity that cannot collect his unpaid taxes. This is a common tax defier argument that courts have continually held to be meritless. *See Salman v. Dep't of Treasury-IRS*, 899 F. Supp. 41 (D. Nev. 1995) ("[T]he court finds there is no basis in fact for [the plaintiff's] contention that the IRS is not a government agency of the United States . . . ."); *Snyder v. IRS*, 596 F. Supp. 240, 247 (N.D. Ind. 1984) ("It is clear, . . . that the Internal Revenue Code of 1954, a statute of Congress, gave the Secretary of the Treasury full authority to administer and enforce the Code, 26 U.S.C. § 7801, and the power to create an agency to administer and enforce the tax laws. *See* 26 U.S.C. § 7803(a)."). Thus, the Court should completely disregard this argument.

      **C.**    **The IRS is not stealing funds but rather attempting to collect Plaintiff's unpaid federal tax liabilities.**

Plaintiff accuses the defendants of having "gone gangster" and alleges that they are "behaving like criminals in a criminal enterprise." (Pl.'s Mem. Supp. Mot. Summ. J. 4, 3, ¶ 16). Plaintiff further alleges that the IRS has "stolen funds" from his "US Treasury account." (*Id.* at 3, ¶¶12, 15). Presumably, what Plaintiff is referring to is the attempts that the IRS has made

collect Plaintiff's unpaid federal taxes by levying Plaintiff's Social Security benefits. (*See* Compl. 5a).

Contrary to what Plaintiff may believe, levying his Social Security benefits is completely legal and is neither theft nor evidence of some other criminal act. Section 6331 explicitly provides that "[i]f any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary to collect such tax . . . by levy upon all property and rights to property . . . belonging to such person . . . ." 26 U.S.C. § 6331(a). Consequently, Plaintiff's assertions are without merit and completely frivolous.

### III. Plaintiff Has Failed to Demonstrate that there is No Genuine Dispute as to Any Material Fact and that he is Entitled to Judgment as a Matter of Law.

Summary Judgment is only appropriate where the moving party demonstrates that there is "no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Plaintiff's current Motion for Summary Judgment fails on both elements.

Yet again, Plaintiff has failed to support his statement of facts with admissible evidence. Instead, Plaintiff offers incorrect conclusions of law and baseless accusations that offer no support for his claims. Thus, in the absence of evidence supporting Plaintiff's Motion, he cannot prevail.

Further, as explained above, all of Plaintiff's legal arguments are completely without merit. Because Plaintiff cannot demonstrate that his claims are premised on correct legal arguments, he cannot be entitled to judgment as a matter of law. Consequently, Plaintiff's current Motion for Summary Judgment, and all of his other Motions for Summary Judgment, should be summarily denied.

## CONCLUSION

Plaintiff provides nothing but tax defier arguments that are completely without merit. As a result, Plaintiff's Emergency Motion for Summary Judgment 4 should be denied.

Date: June 7, 2018

        RICHARD E. ZUCKERMAN
        Principal Deputy Assistant Attorney General

        *s/ Catriona M. Coppler*
        CATRIONA M. COPPLER
        (DC Bar # 241446)
        Trial Attorney, Tax Division
        U.S. Department of Justice
        P.O. Box 227
        Washington, D.C.  20044
        202-514-5153 (v)
        202-514-6866 (f)
        Catriona.M.Coppler@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 7, 2018, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, and sent via first-class mail to the following:

EDWARD T. KENNEDY
401 Tillage Rd.
Breinigsville, PA 18031

*s/ Catriona M. Coppler*
CATRIONA M. COPPLER
Trial Attorney
United States Department of Justice, Tax Division