UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

EDWARD T. KENNEDY, :
 :
            Plaintiff, :
    v. : No. 5:18-cv-00257
 :
COMMISSIONER, *DEPARTMENT OF THE* :
*TREASURY INTERNAL REVENUE SERVICE*; :
JOHN DOE, *DEPARTMENT OF THE* :
*TREASURY INTERNAL REVENUE SERVICE* , :
 :
            Defendants. :
_____

**O P I N I O N**
**United States' Motion to Dismiss, ECF No. 5 – Granted**

**Joseph F. Leeson, Jr.**                                                                **June 18, 2018**
**United States District Judge**

**I.**     **Introduction**

Plaintiff Edward T. Kennedy alleges that the Commissioner of the Internal Revenue Service ("IRS") and an IRS employee intentionally inflicted emotional distress upon him when the IRS sent him a letter informing him that he owed $75,957.35 in unpaid federal taxes. The United States of America, as the real party in interest and in place of the named Defendants, moves to dismiss Kennedy's Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), and for failure to state a claim pursuant to Rule 12(b)(6). Because this Court lacks jurisdiction over Kennedy's claims, the Motion is granted.

**II.**     **Background**

Kennedy filed his Complaint against the "Commissioner, Department of Treasury, Internal Revenue Service"; "John Doe," an unnamed employee of the IRS; Equifax, Inc.; and the

Chief Executive Officer of Equifax, Inc., Richard F. Smith. The Court subsequently dismissed Equifax and Smith as parties because the claims raised against them duplicated another lawsuit that Kennedy had previously filed. *See* Order, Jan. 31, 2018, ECF No. 2. Thus, the only remaining Defendants in this action are the IRS and the unnamed IRS employee. Kennedy subsequently identified the IRS employee as "R.B. Simmons." *See* Pl.'s Mem. Resp. Def.'s Mot. 1, ECF No. 10.

In his Complaint, Kennedy alleges that he has been the victim of identity theft, which occurred as the result of the data breach at Equifax, Inc., "and the IRS knows this." Compl. Attach. B, ECF No. 3. Further, he alleges that he received a letter from the IRS in which the IRS informed him that he owes $75,957.35 in federal taxes and "threatened unlawful[ly]" to take his Social Security benefits if he did not pay this amount. *Id.* Kennedy also states that he "did not amend a 2007 tax return" and that "[a] claim for a debt from 2007 is past the statute of limitations." *Id.* On the basis of these factual allegations, Kennedy asserts a claim of intentional infliction of emotional distress ("IIED"). *See* Compl. Attach. C, D.[1] He seeks money damages for his loss of reputation and seeks injunctive relief in the form of an order directing that "all

---

[1] Kennedy elaborates somewhat on his IIED claim in his response to the United States' Motion, writing that "defendants knew [he] was harmed by Identity Theft, but continued to try to collect on a false and/or fake debt," that falsified tax returns were filed from 2000 to 2017, and that the IRS conduct was "outrageous" in view of the loss of reputation that he suffered. *See* Pl.'s Mem. Resp. Def.'s Mot. 3-4.
  In the United States' Motion to Dismiss, it interprets Kennedy's Complaint as possibly attempting to bring a claim under 26 U.S.C. § 7433, which provides that a taxpayer may bring a civil action for damages against the United States if "any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence" disregards the provisions of the Internal Revenue Code in connection with the collection of federal taxes. In his response to the Motion, however, Kennedy asserts that § 7433 is "not relevant to this case." *See* Pl.'s Mot. Deny Def.'s Mot. Dismiss, ECF No. 9.

collections [ ] cease for 2007 [t]ax return" and that his account be credited for $75,957.35. *Id.* He states that the jurisdictional basis for his lawsuit is "IRS-Tax." Compl. 2.

The United States, asserting that it is the real party in interest in this matter, moves to dismiss Kennedy's Complaint on two grounds. First, under Federal Rule of Civil Procedure 12(b)(2), the United States contends that Kennedy has failed to establish this Court's jurisdiction over this matter because he has failed to identify any statute that waives the United States' sovereign immunity with respect to his claims in this lawsuit. Second, the United States contends that, under Rule 12(b)(6), Kennedy's Complaint fails state a claim upon which relief may be granted. In response to the United States' Motion, Kennedy has filed a brief as well as several other documents, including four motions for summary judgment.[2]

### III. Analysis

At the outset, the United States is correct that it is the real party in interest in this case. *See Pilchesky v. United States*, No. CIV.A. 3:08-MC-0103, 2008 WL 2550766, at *3 (M.D. Pa. June 23, 2008) ("A suit against IRS employees in their official capacity is essentially a suit against the United States." (quoting *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985))). The United States and its agencies are immune from suit unless they consent to waive immunity and, without such consent, there is no subject matter jurisdiction. *See Ruddy v. United States*, No. 3:11-CV-1100, 2011 WL 5834953, at *3 (M.D. Pa. Nov. 21, 2011). As the United States observes in its filings, it has waived immunity for certain types of claims by means of the Federal Tort Claims Act, which "was designed primarily to remove the sovereign immunity of the United States from suits in tort and, with certain specific exceptions, to render the Government

---

[2] A number of Kennedy's filings include personal attacks against Government counsel in this matter. "Personal attacks, however, are never appropriate in any court filing." *Lewis v. Delp Family Powder Coatings, Inc.*, No. CIV.A 08-1365, 2010 WL 3672240, at *4 (W.D. Pa. Sept. 15, 2010).

liable in tort as a private individual would be under like circumstances." *See Sosa v. Alvarez-Machain*, 542 U.S. 692, 700 (2004) (quoting *Richards v. United States*, 369 U.S. 1, 6 (1962)). Indeed, the FTCA provides "the exclusive remedy for tort claims against the United States arising from negligent or wrongful acts of government employees acting within the scope of their employment." *Lichtman v. United States*, No. CIV.A. 07-10, 2007 WL 2119221, at *4 (E.D. Pa. June 8, 2007). But the FTCA does not waive immunity for all torts. Rather, the statute contains several enumerated exceptions, one of which excludes from the FTCA's waiver "[a]ny claim arising in respect of the assessment or collection of any tax." 28 U.S.C. § 2680(c).

Kennedy's claim of intentional infliction of emotional distress plainly arises "in respect of the assessment or collection of [a] tax," as he contends he suffered emotional distress because he received a letter from the IRS informing him that he owed federal taxes. As a result, Kennedy may not bring his claim under the FTCA, this Court lacks jurisdiction over his claim, and the Complaint must be dismissed. *See Petrillo v. United States*, No. 3:15-CV-1894-GPC-NLS, 2017 WL 2413396, at *4 (S.D. Cal. May 31, 2017) (dismissing an IIED claim related to allegedly improper assessment and collection of taxes because "the plain language of the FTCA and its exceptions make clear that no taxpayer may sue the United States for a tort arising out of the assessment or collection of any tax"); *Gavigan v. Com'r. I.R.S.*, No. 3:06-CV-942PCD, 2007 WL 1238651, at *8 (D. Conn. Apr. 27, 2007) (same). The Court dismisses Kennedy's Complaint with prejudice, as "[a]mendment would be futile because the United States has not waived its sovereign immunity as to torts that arise from collection of tax dollars." *See Petrillo*, 2017 WL 2413396, at *4.[3]

---

3  As mentioned above, after the United States filed its Motion to Dismiss, Kennedy filed four motions for summary judgment, as well as a "Motion to Order Defendants to Cease and Desist Collecting Fake Debt." *See* ECF Nos. 11, 17, 18, 19, 22. These are denied as moot.

**IV.     Conclusion**

For the reasons set forth above, the United States' Motion to Dismiss is granted and Kennedy's Complaint is dismissed with prejudice. A separate order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge